OHIO ACADEMY OF NURSING HOMES et al., Appellants and Cross–Appellees,

v.

OHIO DEPARTMENT OF JOB AND FAMILY SERVICES
et al., Appellees and Cross–Appellants.

[Cite as *Ohio Academy of Nursing Homes v. Ohio Dept. of Job & Family Servs.*, 164 Ohio App.3d 808, 2005-Ohio-6888.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 05AP–562.

Decided Dec. 27, 2005.

Geoffrey E. Webster, for appellants.

Jim Petro, Attorney General, and Rebecca L. Thomas, Assistant Attorney General, for appellees.

BRYANT, Judge.

{¶ 1} Plaintiffs-appellants, Ohio Academy of Nursing Homes, Willowood Care Center of Brunswick, Inc., Spring Meadows Care Center, Arcadia Acres, Inc., and Main Street Terrace Care Center, appeal from a judgment of the Franklin County Court of Common Pleas granting the motion of defendants-appellees, Ohio Department of Job and Family Services, Director Tom Hayes, and Deputy Director Barbara Edwards (collectively, "ODJFS"), to dismiss for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted. Because the trial court has jurisdiction to hear appellants' action seeking a writ of mandamus, we reverse in part.

{¶ 2} During the relevant time frame, Medicaid, through ODJFS, employed a prospective cost-related system to reimburse Medicare nursing facilities ("NF's") and intermediate-care facilities for the mentally retarded ("ICF–MRs") for reasonable costs of services provided. Applying a specific statutory formula, ODJFS used the annual costs for services provided in the calendar year ending prior to the effective date of the then current reimbursement rate to calculate the new annual reimbursement rate.

{¶ 3} R.C. 5111.29(A) and the accompanying rules establish a process that allows a service provider to seek reconsideration of rates established under R.C. 5111.20 to 5111.33. Pursuant to Ohio Adm.Code 5101:3–3–241, the provider may request a rate adjustment "to account for the reasonable, additional costs that must be incurred by a facility or facilities to comply with the requirements of a government mandate." A government mandate includes federal or state statutes, rules, or policies enacted or amended after January 1, 1992, orders issued by the state of Ohio fire authorities, and orders issued by the applicable local fire authorities. Ohio Adm.Code 5101:3–3–241(A)(1) through (4); R.C. 5111.27(F) (requiring department to adjust rates for increased costs incurred as a result of compliance with "federal or state statutes, rules, or policies enacted or amended after January 1, 1992, or with orders issued by state or local fire authorities").

{¶ 4} Premiums that service providers pay to the Ohio Bureau of Workers' Compensation ("BWC") are considered "reasonable costs" that Medicaid reimburses through ODJFS. For several years, BWC reduced employers' premiums by approximately 75 percent due to a surplus in the state fund, but in 2003, BWC again required payment of 100 percent of the premiums. Because of inflated costs incurred from increased BWC premiums, appellants requested a corresponding rate adjustment pursuant to Ohio Adm.Code 5101:3–3–241 and R.C. 5111.27(F). In a letter dated August 25, 2003, ODJFS declined to consider appellants' request because it found no "government mandate" enacted or amended after January 1, 1992.

{¶ 5} In response, appellants instituted a class action on behalf of its 250 member facilities. In their second amended complaint, appellants alleged that ODJFS violated both state and federal laws by refusing to grant a rate adjustment, denied them procedural and substantive due process of law, and denied them equal protection of the laws. Appellants further alleged a breach-of-contract claim, a claim under Section 1983, Title 42, U.S.Code, and a claim for unjust enrichment. Appellants sought declaratory judgment and injunctive relief or, alternatively, a writ of mandamus. In response, ODJFS moved for dismissal on two grounds: (1) failure to state a claim for which relief may be granted under Civ.R. 12(B)(6), and (2) lack of subject-matter jurisdiction under Civ.R. 12(B)(1).

{¶ 6} The trial court initially concluded that it did not have subject-matter jurisdiction. Relying on this court's opinion in *Morning View Care Ctr.–Fulton v. Ohio Dept. of Job & Family Servs.*, 158 Ohio App.3d 689, 2004-Ohio-5436, 821 N.E.2d 1046 ("*Morning View II*") and this court's opinion on reconsideration, Franklin App. No. 04AP–57, 2004-Ohio-6073, 2004 WL 2591237 ("*Morning View III*"), the trial court found that appellants' complaint, in essence, sought only legal damages. The trial court further determined that appellants' mandamus claim was so intertwined with a claim for legal damages that jurisdiction lay exclusively with the Court of Claims. Lastly, the trial court stated that because the rate adjustment that appellants sought was subject to ODJFS's discretion, appellants had no clear legal right to the requested relief, and mandamus therefore failed. Accordingly, the trial court granted ODJFS's motion to dismiss.

{¶ 7} Appellants appeal, assigning a single error:

The common pleas court erred in granting appellees/cross appellants' motion to dismiss as the court of common pleas has subject matter jurisdiction and the complaint states a claim upon which relief can be granted.

{¶ 8} Appellate review of a judgment granting a motion to dismiss for lack of subject-matter jurisdiction is de novo. *Groza–Vance v. Vance,* 162 Ohio App.3d 510, 2005-Ohio-3815, 834 N.E.2d 15; *Keller v. Foster Wheel Energy Corp.,* 163 Ohio App.3d 325, 2005-Ohio-4821, 837 N.E.2d 859 (reviewing decision to grant

a motion for failure to state a claim de novo). On review, we determine whether the complaint raises any cause of action cognizable by the forum. *Groza–Vance,* supra.

{¶ 9} The issue of subject-matter jurisdiction involve, in part, a determination of the proper vehicle for seeking relief under the circumstances present in the case. The Ohio Supreme Court has held that when an agency's decision is discretionary and, by statute, not subject to direct appeal, a writ of mandamus is the sole vehicle to challenge the decision. *State ex rel. Pipoly v. State Teachers Retirement Sys.,* 95 Ohio St.3d 327, 2002-Ohio-2219, 767 N.E.2d 719, citing *State ex rel. Ryan v. State Teachers Retirement Sys.* (1994), 71 Ohio St.3d 362, 643 N.E.2d 1122; *State ex rel. Portage Lakes Edn. Assoc. v. State Emp. Relations Bd.,* 95 Ohio St.3d 533, 2002-Ohio-2839, 769 N.E.2d 853 (holding that probable-cause determinations by the State Employment Relations Board are not reviewable by direct appeal and that an action in mandamus is the appropriate remedy to obtain judicial review); *State ex rel. Alben v. State Emp. Relations. Bd.* (1996), 76 Ohio St.3d 133, 135, 666 N.E.2d 1119 (noting that "mandamus is an appropriate remedy where no statutory right of appeal is available to correct an abuse of discretion by an administrative body like SERB").

{¶ 10} "Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01. A writ of mandamus will issue if the relator demonstrates: (1) a clear legal right to the relief sought, (2) that the agency has a clear legal duty to perform the requested actions, and (3) that relator has no adequate remedy at law. *State ex rel. Ohio Assn. of Pub. School Emp. v. Batavia Local School Dist. Bd. of Edn.* (2000), 89 Ohio St.3d 191, 729 N.E.2d 743.

{¶ 11} In this case, appellants seek additional reimbursement pursuant to R.C. 5111.27(F) and Ohio Adm.Code 5101:3–3–241. See *Morning View Care Ctr.–Fulton v. Ohio Dept. of Human Servs.,* 148 Ohio App.3d 518, 2002-Ohio-2878, 774 N.E.2d 300 ("*Morning View I* "). Specifically, appellants seek money over and above the reimbursement rate that ODJFS established for the calendar year in question. In response to such a request, ODJFS has discretion to determine whether to grant a rate adjustment pursuant to R.C. 5111.27(F) and Ohio Adm.Code 5101:3–3–241. Id. Further, ODJFS's decision "at the conclusion of the reconsideration process shall not be subject to any administrative proceedings under Chapter 119. or any other provision of the Revised Code." R.C. 5111.29(A)(5); Ohio Adm.Code 5101:3–3–241(D) (stating, "The decision of the ODJFS in response to a request for rate adjustment is subject to appeal to the director of ODJFS within thirty days of notification to the provider * * * of the decision made by ODJFS," but "[t]he decision of ODJFS is not subject to appeal pursuant to Chapter 119. of the Revised Code"). Because ODJFS's discretionary

decision is not subject to direct appeal, an action in mandamus is appellants' only appropriate vehicle to challenge ODJFS's decision refusing a rate adjustment for lack of the predicate governmental mandate.

{¶ 12} Appellants, however, maintain that a request for declaratory judgment or an injunction is proper because a writ of mandamus will never fully redress injury caused by an administrative agency's decision. In support of their argument, appellants rely on *Ohio Academy of Nursing Homes, Inc. v. Barry* (1990), 56 Ohio St.3d 120, 564 N.E.2d 686, and *Ohio Hosp. Assn. v. Ohio Dept. of Human Servs.* (1991), 62 Ohio St.3d 97, 579 N.E.2d 695. In both of those cases, the court allowed Medicaid providers to sue in the court of common pleas for declaratory or injunctive relief to challenge annual reimbursement rates set pursuant to either R.C. 5111.21 and 5111.22 or federal law.

{¶ 13} Appellants' reliance is misplaced. The statutes make clear that the reconsideration process is separate and distinct from that used to determine the reimbursement rate for the calendar year. The "reconsideration" process is subject to ODJFS's discretion and is, by statute, not subject to appeal. This court specifically has held that a declaratory judgment action is not an appropriate vehicle to review an agency's decision that is discretionary and not subject to direct appeal. *State ex rel. Swartzlander v. State Teachers Retirement Bd.* (1996), 117 Ohio App.3d 131, 690 N.E.2d 36; *State ex rel. Shumway v. State Teachers Retirement Bd.* (1996), 114 Ohio App.3d 280, 683 N.E.2d 70. Simply stated, neither a declaratory judgment action nor an action for an injunction may be substituted for an appeal. Id. Only mandamus "will issue to correct an abuse of discretion" in administrative proceedings not subject to appeal. *Portage Lakes,* 95 Ohio St.3d 533, 2002-Ohio-2839, 769 N.E.2d 853, *Shumway,* supra.

{¶ 14} Because a writ of mandamus is the only proper vehicle to challenge a discretionary agency decision, appellants' claims for declaratory and injunctive relief fail. Moreover, given that mandamus is appellants' avenue for relief, their mandamus action must be brought in the courts of common pleas. Pursuant to R.C. 2731.02, the Court of Claims expressly lacks subject matter jurisdiction to consider writs of mandamus. See R.C. 2731.02 (stating that writs of mandamus "may be allowed by the supreme court, the court of appeals, or the court of common pleas").

{¶ 15} ODJFS nonetheless argues, and the trial court found, that based on *Morning View II,* 158 Ohio App.3d 689, 2004-Ohio-5436, 821 N.E.2d 1046, and *Morning View III,* Franklin App. No. 04AP–57, 2004-Ohio-6073, 2004 WL 2591237, appellants seek nothing more than legal damages. ODJFS further asserts that because the Court of Claims has exclusive jurisdiction over actions seeking legal damages against the state, the common pleas court lacks jurisdiction. *Blackwell v. Crawford,* 106 Ohio St.3d 447, 2005-Ohio-5124, 835 N.E.2d

1232. We recognize that *Morning View III* analyzed subject-matter jurisdiction in the context of a hypothetical request for a writ of mandamus, and it found that a request for such a writ of mandamus essentially was seeking legal damages. A writ of mandamus, however, was not requested in that case, so the court did not need to reach that issue, rendering the language that ODJFS relies upon to be dicta and not controlling.

{¶ 16} In this case, appellants' complaint seeks a specific remedy, an order by the court directing ODJFS to recalculate its reimbursement rate and comply with law. To hold that the court lacks jurisdiction because appellants' request for a writ of mandamus is a request for legal damages would in effect deny appellants any remedy to challenge ODJFS's exercise of its discretion. Specifically, mandamus, the only way to review a discretionary agency decision not subject to appeal, cannot be brought in the Court of Claims, but if the mandamus action is deemed to seek legal damages, the action cannot be brought in the common pleas court. Because appellants' mandamus action seeks a specific order directing ODJFS to perform a legal duty, the common pleas court has subject-matter jurisdiction.

{¶ 17} Although jurisdiction is proper in the court of common pleas, appellants' claim for mandamus nonetheless fails under Civ.R. 12(B)(6). When reviewing a motion pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted, an appellate court must accept the material allegations of the complaint as true and make all reasonable inferences in favor of the plaintiff. *Keller,* supra, 163 Ohio App.3d 325, 2005-Ohio-4821, 837 N.E.2d 859, ¶ 8. To grant such a motion, it must appear beyond doubt that the plaintiff can prove no set of facts entitling the plaintiff to relief. Id.

{¶ 18} Appellants requested a writ of mandamus pursuant to R.C. Chapter 2731, "directing and ordering the Defendants to comply with the pertinent provisions of R.C. Chapter 5111 and [directing that] the rates be recalculated and paid in an amount and manner in compliance with such laws." The trial court found no clear legal right to the requested mandamus relief because ODJFS's decision to grant or deny a rate adjustment is discretionary. While the trial court's statement is accurate to a point, ODJFS has yet to exercise its discretion. The statute and rules provide for a two-step process. Initially, ODJFS must determine whether a post–1992 government mandate, the necessary predicate to an exercise of its rate-adjustment discretion, exists. If so, then ODJFS can exercise its discretion to determine whether a rate adjustment is appropriate.

{¶ 19} At this point, ODJFS has refused to exercise its discretion concerning appellants' request for a rate adjustment, concluding that no post–1992 government mandate exists. What appellants must seek, in the first instance, is a writ of mandamus ordering ODJFS to exercise its discretion. In that proceeding, the court will determine whether the necessary predicate to ODJFS's

exercise of discretion exists. If it does, the court will issue the writ to compel ODJFS to exercise its discretion and determine whether appellants are entitled to a rate adjustment. Such a writ would not, however, award the relief that appellants sought below—a calculation and award of money damages; and if the necessary predicate is lacking, the court will deny the writ altogether. To the extent that an agency's decision is based on a construction of the law, a common pleas court must undertake a de novo review. *Ohio Historical Society v. State Emp. Relations Bd.* (1993), 66 Ohio St.3d 466, 613 N.E.2d 591.

{¶ 20} In any event, ODJFS must first exercise the discretion vested in it by virtue of the applicable statute and rules, and a complaint seeking a writ of mandamus is the proper vehicle to determine whether BWC's action constitutes a "government mandate" and, therefore, requires the exercise of ODJFS's discretion relating to rate adjustment. In that context, appellants' claim for a writ of mandamus, as pleaded, does not state a claim, because it skips the first step and seeks to control ODJFS's discretion that to date has not been exercised.

{¶ 21} Because the trial court concluded that it lacked subject-matter jurisdiction, it did not consider allowing appellants to amend their complaint yet another time to state a valid claim in mandamus in the common pleas court. Given the determinations of this opinion and the procedure to be followed, appellants, if they wish to pursue their claim, must either amend their complaint to request a writ of mandamus ordering ODJFS to exercise its discretion or file a new complaint seeking appropriate mandamus relief. Moreover, because ODJFS has not yet exercised its discretion, appellants' additional contentions are premature. Lastly, because appellants' claims for breach of contract and unjust enrichment, as well as their constitutional claims and their claims under Section 1983 are all efforts to seek readjustment of the reimbursement rate, they are subsumed into appellants' mandamus action, the appropriate vehicle for addressing that issue. Accordingly, appellants' assignment of error is sustained in part and overruled in part.

{¶ 22} Having sustained in part and overruled in part appellants' single assignment of error, we affirm in part and reverse in part the judgment of the trial court, and we remand this matter to the trial court to allow appellants the opportunity to amend their complaint and proceed in accordance with this opinion. Moreover, because the trial court has jurisdiction over appellants' mandamus claim, it had no cause to transfer appellants' complaint to the Court of Claims, rendering moot ODJFS's cross-appeal.

Judgment affirmed in part
and reversed in part,
and cause remanded.

FRENCH and TRAVIS, JJ., concur.