OPINION
{¶ 1} Plaintiffs-appellants, Arcadia Acres and Spring Meadows Care Center, appeal from a judgment of the Franklin County Court of Common Pleas that dismissed their action against defendants-appellees, the Ohio Department of Job and Family Services and Barbara Riley, the Director of the Ohio Department of Job and Family Services (collectively "ODJFS"). For the following reasons, we affirm. *Page 2 
 {¶ 2} Appellants operate long-term-care nursing facilities and participate in the federal Medicaid program as administered by ODJFS. Pursuant to R.C. Chapter 5111, ODJFS reimburses qualifying nursing facilities, such as those appellants operate, for the reasonable costs of services provided. Under a "prospective payment" system, ODJFS pays each qualifying nursing facility a per diem rate that it calculates based upon actual costs incurred by the facility in a prior period.
 {¶ 3} If a nursing facility encounters certain extraordinary or unexpected costs, it may seek a rate reconsideration under R.C.5111.27(F) (for complying with a "government mandate"), R.C.5111.29(A)(2) (for "extreme circumstances"), and R.C. 5111.29(A)(3) (for "extreme hardship").[1] Appellants encountered just such costs, and requested that ODJFS adjust their reimbursement rates for the 2005 fiscal year. After ODJFS refused to provide the relief that they wanted, appellants filed a declaratory judgment action asking the trial court to declare that: (1) ODJFS had violated constitutional and statutory law by failing to pay them reasonable and adequate reimbursement rates, and (2) they were entitled to reasonable and adequate rate adjustments for the 2005 fiscal year.
 {¶ 4} ODJFS moved to dismiss appellants' complaint pursuant to Civ.R. 12(B)(1) and 12(B)(6). In part, ODJFS argued that appellants could only obtain review of ODJFS' denial of rate reconsideration through a mandamus action. Thus, ODJFS maintained, appellants' declaratory judgment action failed to state a claim. The trial court granted ODJFS' motion, stating that, "[b]ecause this action has not been brought in mandamus as *Page 3 
required by Ohio law, the court finds that it lacks subject matter jurisdiction to hear plaintiffs' claims for declaratory judgment." On July 11, 2006, the trial court issued a judgment entry dismissing appellants' action.
 {¶ 5} Appellants now appeal and assign the following errors:
 [1] THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION TO DISMISS AS THE TRIAL COURT HAS SUBJECT MATTER JURISDICTION AND THE COMPLAINT STATES A CLAIM UPON WHICH RELIEF CAN BE GRANTED.
 [2] THE TRIAL COURT ERRED IN CONCLUDING THAT MANDAMUS IS AN AVAILABLE REMEDY.
 {¶ 6} We will address appellants' assignments of error together. By both of these assignments of error, appellants argue that the trial court erred in dismissing their action. We disagree.
 {¶ 7} After appellants filed the instant appeal, the Supreme Court of Ohio decided Ohio Academy of Nursing Homes v. Ohio Dept. of Job andFamily Serv., 114 Ohio St.3d 14, 2007-Ohio-2620 ("Ohio Academy"), in which the court affirmed this court's decision, 164 Ohio App.3d 808,2005-Ohio-6888. In Ohio Academy, the Supreme Court of Ohio addressed the nature of relief available to nursing facilities seeking to challenge ODJFS' denial of a request for reconsideration of a reimbursement rate. There, the nursing facilities sought an adjustment of their rates under R.C. 5111.27(F), which allows ODJFS to adjust reimbursement rates to account for costs incurred in complying with a "government mandate." The court held that "when an agency's decision is discretionary and, by statute, not subject to direct appeal, a writ of mandamus is the sole vehicle to *Page 4 
challenge the decision, by attempting to show that the agency abused its discretion." Ohio Academy, at ¶ 23. ODFJS' denial of the nursing facilities' rate reconsideration requests was discretionary and not directly appealable. Id. at ¶ 27, citing R.C. 5111.29(A)(5). Thus, the court concluded that mandamus was the exclusive avenue of relief available to the nursing facilities. Id. Moreover, in so concluding, the court explicitly addressed and rejected the argument that a declaratory judgment action was an available remedy. Id. at ¶ 29.
 {¶ 8} Based upon its decision in Ohio Academy, the Supreme Court of Ohio affirmed this court's judgment in PNP, Inc. v. Ohio Dept. of Joband Family Serv., Franklin App. No. 04AP-1294, 2006-Ohio-1159, affirmed114 Ohio St.3d 70, 2007-Ohio-2880. In that case, we held that ODJFS' denial of a rate reconsideration sought for "extreme circumstances" was a discretionary decision that was not subject to appeal, and thus, a nursing home could only seek review of such a denial through a mandamus action. Id. at ¶ 11-15.
 {¶ 9} Applying Ohio Academy and PNP, Inc. to this case, we conclude that the trial court properly dismissed appellants' action. Whether a nursing facility requests rate reimbursement reconsideration under R.C.5111.27(F), 5111.29(A)(2), or 5111.29(A)(3), ODJFS' denial of the request is discretionary and not subject to appeal. Accordingly, appellants only avenue of relief is mandamus, and they cannot maintain their declaratory relief action.
 {¶ 10} Notably, we conclude ODJFS is entitled to dismissal of appellants' action because appellants failed to state a viable claim for relief. Although the trial court cited a *Page 5 
different reason for dismissing appellants' action (i.e., lack of subject matter jurisdiction[2]), we must affirm the judgment because it is legally correct on another ground. Joyce v. General MotorsCorp. (1990), 49 Ohio St.3d 93, 96; Reynolds v. Budzik (1999),134 Ohio App.3d 844, 846, fn. 3 ("[W]hen a trial court has stated an erroneous basis for its judgment, an appellate court must affirm the judgment if it is legally correct on other grounds, that is, it achieves the right result for the wrong reason, because such an error is not prejudicial.").
 {¶ 11} As a final matter, we address appellants' request that we remand this matter to the trial court so that they may amend their complaint. We deny this request. Appellants filed their complaint over three months after this court held that mandamus was the only vehicle for relief available to parties seeking to challenge ODJFS' denial of a rate reconsideration request. Ohio Academy, 164 Ohio App.3d 808,2005-Ohio-6888, at ¶ 11. Despite this holding, appellants neither pled mandamus in their complaint nor requested leave to amend their complaint to assert mandamus. Once the trial court issued its final judgment dismissing appellants' action, the doctrine of res judicata barred appellants from seeking any remedy that they could have, but did not, demand in their action. Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379,382-383. Therefore, the res judicata doctrine precludes us from remanding this matter to the trial court so that appellants can assert a new claim.
 {¶ 12} Further, we reject appellants' argument that the Supreme Court of Ohio's decision in Ohio Academy requires us to remand this case to the trial court. Although the *Page 6 
Supreme Court of Ohio noted that this court had ordered a remand inOhio Academy, it did not discuss or rule upon the appropriateness of that remand. *Page 7 
 {¶ 13} For the foregoing reasons, we overrule appellants' assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
SADLER, P.J., and TYACK, J., concur.
[1] The General Assembly revised R.C. 5111.27(F), 5111.29(A)(2), and5111.29(A)(3) in 2005 Am. Sub. H.B. No. 66, effective July 1, 2005. It again revised R.C. 5111.27(F) in 2006 Sub. H.B. No. 530, effective March 30, 2006. In part, these revisions deleted any mention of "nursing facilities."
[2] As the Supreme Court of Ohio made clear in Ohio Academy, courts of common pleas, as opposed to the Court of Claims, have jurisdiction over declaratory judgment actions like the one appellants assert. Id. at ¶ 19. Thus, the trial court had subject matter jurisdiction over appellant's action. *Page 1