THE STATE EX REL. ARCADIA ACRES ET AL., APPELLANTS, *v*. OHIO DEPARTMENT OF JOB & FAMILY SERVICES ET AL., APPELLEES.

[Cite as *State ex rel. Arcadia Acres v. Ohio Dept. of Job & Family Servs.*,

123 Ohio St.3d 54, 2009-Ohio-4176.]

*Res judicata — Mandamus barred by prior declaratory-judgment action — Dismissal of prior action had been upheld on appeal on grounds of failure to state a claim for which relief could be granted — Appellate procedure — Notice of appeal — Failure to attach copy of journal entry as required by S.Ct.Prac.R. II(2)(B)(2) not jurisdictional flaw.*

(No. 2009-0051 — Submitted May 19, 2009 — Decided August 26, 2009.)

APPEAL from the Court of Appeals for Franklin County, No. 08AP-229,

2008-Ohio-6127.

_____

**Per Curiam.**

{¶ 1} Appellants, Arcadia Acres and Spring Meadows Care Center (the "nursing homes"), appeal as of right from a decision of the court of appeals. In that decision, the court dismissed the nursing homes' original action for mandamus relief on the grounds that the mandamus claim was barred by res judicata. Specifically, the nursing homes had previously brought a declaratory-judgment action for the same relief against the Ohio Department of Job and Family Services ("ODJFS"), but that action was dismissed. Of particular importance was the reason for dismissal: although the trial court originally dismissed the declaratory-judgment case for lack of jurisdiction, the court of appeals later predicated the dismissal on a failure to state a claim.

**{¶ 2}** Before this court, the nursing homes argue that the court of appeals unfairly and unlawfully applied the doctrine of res judicata when it dismissed the mandamus complaint.  We disagree, and we therefore affirm.

**Facts**

**{¶ 3}** Because this case raises an issue of res judicata, we will need to refer to two cases:  the present case and the previous case that bars the present case.  We will refer to the previous case as "the declaratory-judgment case" or "the declaratory-judgment appeal," and we will refer to the present case as "the mandamus case."

*Declaratory-judgment Case*

**{¶ 4}** On March 7, 2006, the nursing homes filed their "complaint for declaratory relief" in the Franklin County Court of Common Pleas.  By decision dated June 22, 2006, that court dismissed the complaint on the grounds that an action for declaratory judgment was not a proper procedural vehicle for the claim advanced by the nursing homes.  Applying the Tenth District's decisions in *Morning View Care Ctr.–Fulton v. Ohio Dept. of Job & Family Servs.*, 158 Ohio App.3d 689, 2004-Ohio-5436, 821 N.E.2d 1046, and *Ohio Academy of Nursing Homes v. Ohio Dept. of Job & Family Servs.*, 164 Ohio App.3d 808, 2005-Ohio-6888, 844 N.E.2d 384, the trial court found that an action for mandamus relief constituted the *sole vehicle* for the nursing homes' claims inasmuch as the nursing homes sought to challenge a discretionary decision from which there was no right of administrative appeal.[1]    In dismissing, the trial court specifically concluded that it "lack[ed] subject matter jurisdiction to hear plaintiffs' claims" for declaratory judgment.  The nursing homes appealed.

---

1. Subsequently, this court adopted the Tenth District's reasoning in syllabus when it affirmed the appellate court's decision in the latter case. *Ohio Academy of Nursing Homes v. Ohio Dept. of Job & Family Servs.*, 114 Ohio St.3d 14, 2007-Ohio-2620, 867 N.E.2d 400, syllabus ("When a state agency's decision is discretionary and by statute not subject to appeal, an action in mandamus is the sole avenue of relief available to a party challenging an agency's decision").

**{¶ 5}** On December 20, 2007, the Tenth District affirmed the dismissal. *Arcadia Acres v. Ohio Dept. of Job & Family Servs.*, Franklin App. No. 06AP-738, 2007-Ohio-6853. The Tenth District agreed that mandamus constituted the sole procedural vehicle given the nature of the nursing homes' claim. *Arcadia Acres*, ¶ 8–10. But the appellate court upheld the dismissal on a different basis from that relied upon by the trial court: the Tenth District held that dismissal was proper because the declaratory judgment complaint "failed to state a viable claim for relief," and the court of appeals specifically declined to adopt the theory that the trial court had lacked subject-matter jurisdiction. Id., ¶ 10.

**{¶ 6}** Additionally, the Tenth District declined to remand the case for the purpose of allowing the nursing homes to amend their complaint. The Tenth District noted that the nursing homes had "filed their complaint over three months after this court held that mandamus was the only vehicle for relief" in the *Ohio Academy of Nursing Homes* case but that "appellants neither pled mandamus in their complaint nor requested leave to amend their complaint to assert mandamus." Id., 2007-Ohio-6853, ¶ 11. The appellate court stated its view that the trial court's final judgment invoked res judicata as a bar to any remedy that the nursing homes could have demanded but did not demand in their action and that the failure to plead mandamus at the trial court level "precludes us from remanding this matter to the trial court so that appellants can assert a new claim." Id. Instead of remanding, the Tenth District simply affirmed the dismissal of the declaratory-judgment case (albeit for failure to state a claim rather than on the jurisdictional ground).

**{¶ 7}** After the court of appeals issued its decision, ODJFS moved for reconsideration. In that motion, ODJFS apparently asked the Tenth District to change the grounds for dismissal from failure to state a claim to lack of jurisdiction. The nursing homes opposed that motion, and the court of appeals denied the motion on February 5, 2008.

*Mandamus Case*

**{¶ 8}** On March 21, 2008, the nursing homes filed their "Petition for Peremptory and/or Alternative Writ of Mandamus" in the court of appeals, and ODJFS moved to dismiss. Except for pleading the claim in mandamus instead of as an action for declaratory judgment, the complaint is substantially the same as that in the previous case. For example, both complain of the reimbursement rates set by ODJFS for fiscal year 2005, and both invoke R.C. 5111.21(A) as entitling the nursing homes to higher rates as to that year.

**{¶ 9}** The Tenth District referred the complaint to a magistrate, who recommended dismissal on the grounds that the dismissal of the previous case constituted a full res judicata defense to the present case. The nursing homes filed objections, arguing that res judicata did not bar the present case. On November 25, 2008, the Tenth District issued its decision: the court of appeals disagreed with the nursing homes, overruled the objections, and dismissed the case. The matter is now before us on the nursing homes' appeal as of right.

## Analysis

*Defect in the notice of appeal: not jurisdictional*

**{¶ 10}** At the threshold of the merits of this case lies a potential procedural obstacle. As noted, this case constitutes an appeal as of right in an original action brought in the Tenth District Court of Appeals. S.Ct.Prac.R. II(2)(B)(2) states that in such appeals, the "appellant shall attach to the notice of appeal a date-stamped copy of the court of appeals judgment entry that is being appealed. For purposes of this rule, a date-stamped copy of the court of appeals judgment entry shall mean a copy bearing the file stamp of the clerk of the court of appeals and reflecting the date the court of appeals filed its judgment entry for journalization with its clerk under App.R. 22(E)." The rule goes on to indicate that the opinion of the appellate court may be attached when the opinion "serves as [the] judgment entry."

4

**{¶ 11}** In this case, the Tenth District issued two documents in deciding the case: an opinion and a judgment entry. The nursing homes attached a date-stamped copy of the *opinion* rather than the *judgment entry* to the notice of appeal. Accordingly, the nursing homes violated the rule, and the question arises whether that violation is jurisdictional: if it is jurisdictional, the appeal must be dismissed; if not, the appeal may proceed.

**{¶ 12}** We hold that the defect does not deprive the court of jurisdiction. The pertinent legal principle is set forth at App.R. 3(A): other than a failure to timely file the notice of appeal, a procedural defect "does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal." Accord *Woods v. Civ. Serv. Comm.* (1984), 7 Ohio App.3d 304, 306, 7 OBR 387, 455 N.E.2d 709 (naming wrong party as appellee in contravention of R.C. 2505.05 was not a jurisdictional defect inasmuch as appeal requirements should be "liberally construed so as not to deny an appeal on technical grounds"). Of critical importance is the fact that the defect in the present case does not involve an administrative appeal: administrative appeals are authorized by statutes that set forth the conditions for the exercise of judicial authority, and those conditions call for strict compliance. See, e.g., *Polaris Amphitheater Concerts, Inc. v. Delaware Cty. Bd. of Revision*, 118 Ohio St.3d 330, 2008-Ohio-2454, 889 N.E.2d 103, ¶ 13, 14. By contrast, the application of the court rule in the present case does not implicate jurisdictional limitations.

**{¶ 13}** In so holding, we do not minimize every litigant's duty to comply with the practice rules of this court. In a given case, noncompliance could significantly impair the procedural efficiency of the appeal and cause prejudice to other parties that would justify sanctions. In the present case, however, we do not see prejudice to a party or any procedural disruption, nor has ODJFS requested

any sanction for violation of the rule.[2]  Accordingly, we proceed to consider the merits of the appeal.

*Because the ground for dismissing the declaratory-judgment case was failure to state a claim, res judicata barred the present case*

{¶ 14} Civ.R. 41(B) states the policy of the law with regard to involuntary dismissals:  only dismissals on jurisdictional grounds — either lack of subject-matter jurisdiction or lack of personal jurisdiction over the defendant — raise a presumption of no prejudice to reasserting the same claim through a second complaint.  Civ.R. 41(B)(4).  Other involuntary dismissals constitute "adjudication[s] on the merits" unless the dismissal order specifies the contrary.

{¶ 15} It follows that a dismissal grounded on a complaint's "failure to state a claim upon which relief can be granted" constitutes a judgment that is an "adjudication on the merits."  As a result, res judicata bars refiling the claim.  See *Hughes v. Calabrese*, 95 Ohio St.3d 334, 2002-Ohio-2217, 767 N.E.2d 725, ¶ 9, 12, 13 (this court's earlier dismissal of a prohibition complaint barred a successive complaint brought in an appellate court).  Because the appellate court's dismissal of the previous action invokes res judicata, it " ' "bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." ' "  Id. at ¶ 12, quoting *Kelm v. Kelm* (2001), 92 Ohio St.3d 223, 227, 749 N.E.2d 299, quoting *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226, syllabus.  Accordingly, the Tenth District acted correctly when it dismissed the instant case.

{¶ 16} Against these basic precepts, the nursing homes first suggest that an element of unfairness haunts the present case.  In various ways, the nursing

---

2. The staff notes regarding S.Ct.Prac.R. II(2)(B)(2) state that the purpose of the rule is to avoid confusion as to which document – the opinion or the judgment entry – begins the running of the appeal period.  See Staff Commentary to S.Ct.Prac.R. II:  July 1, 2004 amendment, 101 Ohio St.3d XCIII.  In this case the judgment entry was filed one day after the opinion, and the notice of appeal was timely filed as to either date.

homes maintain that confusion clouded the proper cause of action to plead as a vehicle for asserting their claim. But our decision in *Grava*, 73 Ohio St.3d 379, 653 N.E.2d 226, answers those contentions. In that case, we rejected an unfairness argument by observing that the litigant "had a full and fair opportunity to present his case." Id. at 383.

{¶ 17} Likewise, the nursing homes had a full and fair opportunity to plead mandamus when they brought the declaratory-judgment case. At the time the nursing homes filed the declaratory-judgment complaint, no fewer than two decisions from the court of appeals had held that mandamus, not declaratory judgment, constituted the proper cause of action in such a case. *Morning View Care Ctr.–Fulton v. Ohio Dept. of Job & Family Servs.*, 158 Ohio App.3d 689, 2004-Ohio-5436, 821 N.E.2d 1046, ¶ 17, and *Ohio Academy of Nursing Homes v. Ohio Dept. of Job & Family Servs.*, 164 Ohio App.3d 808, 2005-Ohio-6888, 844 N.E.2d 384, ¶ 11. To be sure, this court's affirmance of the Tenth District's legal ruling on this point in *Ohio Academy of Nursing Homes*, 114 Ohio St.3d 14, 2007-Ohio-2620, 867 N.E.2d 400, syllabus, was issued *after* the filing of the declaratory-judgment complaint. But nothing prevented the nursing homes from adopting the cautious approach of pleading two alternative causes of action.

*Res judicata bars the review of alleged legal errors in the dismissal of the declaratory-judgment case*

{¶ 18} The gravamen of the nursing homes' argument is that the court of appeals erred in the previous case. The alleged errors are twofold: the dismissal in the declaratory-judgment case should have been jurisdictional, and the court of appeals in the declaratory-judgment case should have remanded to permit a new complaint to be filed. Because these alleged errors occurred in the previous case, each is barred by res judicata. Quite simply, the means for remedying those errors lay in appeal in the earlier case, not through a collateral filing. Cf. *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875

N.E.2d 550, ¶ 34 (acknowledging that "[r]es judicata principles can apply to prevent parties and those in privity with them from modifying or collaterally attacking a previous judgment").

**{¶ 19}** The nursing homes now advance an additional argument: because the trial court in the declaratory-judgment case allegedly lacked jurisdiction, the court of appeals in the declaratory-judgment case had no jurisdiction to dismiss on any substantive basis. But res judicata applies with equal force to the jurisdictional issue because the nursing homes were parties in the declaratory-judgment case and because the court of appeals in that case specifically determined that the trial court *did* possess jurisdiction even though the complaint failed to state a claim. See *Citicasters Co. v. Stop 26–Riverbend, Inc.*, 147 Ohio App.3d 531, 2002-Ohio-2286, 771 N.E.2d 317, ¶ 33, quoting *Squires v. Squires* (1983), 12 Ohio App.3d 138, 141, 12 OBR 460, 468 N.E.2d 73 (" 'once [a] jurisdictional issue has been fully litigated and determined by a court that has authority to pass upon the issues, said determination is *res judicata* in a collateral action and can only be attacked directly by appeal' "), cited with approval in *Smith v. Bradshaw*, 109 Ohio St.3d 50, 2006-Ohio-1829, 845 N.E.2d 516, ¶ 15.

**{¶ 20}** The nursing homes also contend that the court of appeals erred in its application of the law-of-the-case doctrine below. We disagree. In the discussion of the doctrine, the appellate court did nothing more than recognize that its decision in the declaratory-judgment case superseded the trial court decision as to any point where the two decisions were incompatible. There is no error in that conclusion.

Judgment affirmed.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, and CUPP, JJ., concur.

PFEIFER and LANZINGER, JJ., concur in judgment only.

————————————

Geoffrey E. Webster and J. Randall Richards, for appellants.

Richard Cordray, Attorney General, and Rebecca L. Thomas, Senior Assistant Attorney General, for appellee.

_____