[Cite as *State v. Stowers*, 2015-Ohio-4846.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-150095 |
| | | TRIAL NO. B-1400038 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| TODD STOWERS, | : | |
| Defendant-Appellee. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  November 25, 2015

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams,* Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*Raymond T. Faller*, Hamilton County Public Defender, and *Marguerite Slagle*, Assistant Public Defender*,* for Defendant-Appellee.

Please note:  this case has been removed from the accelerated calendar.

**CUNNINGHAM, Presiding Judge.**

{¶1}   Plaintiff-appellant state of Ohio has appealed the judgment of the common pleas court granting defendant-appellee Todd Stowers's motion to dismiss the indictment for failing to provide notice of an address change and ordering that Stowers's name be removed from the sex-offender registry.   We reverse the trial court's judgment and remand the cause for further proceedings.

### *Facts and Procedure*

{¶2}   On May 11, 1978, Stowers was convicted of attempted rape and sentenced to two to 15 years' incarceration.   He was paroled on July 19, 1981.   On March 4, 1982, Stowers was convicted of two counts of theft and sentenced to concurrent terms of two to five years.   Because Stowers had committed the thefts while on parole, the term for the theft offenses was required to be served consecutively to the sentence for attempted rape pursuant to former R.C. 2929.41(B)(3).   There were various other instances where Stowers was paroled and returned to prison.

{¶3}   Effective July 1, 1997, the General Assembly enacted former R.C. Chapter 2950 ("Megan's Law").   *See* Am.Sub.H.B. No. 180, 146 Ohio Laws, Part II, 2560, enacted in 1996, amended in 2003 by Am.Sub.S.B. No. 5, 150 Ohio Laws, Part IV, 6556.   Former R.C. 2950.04(A)(1)(a) provided that "[r]egardless of when the sexually oriented offense was committed," an offender who had been sentenced to a prison term for a sexually oriented offense and "on or after July 1, 1997," was released "in any manner" from the prison term was required to register as a sex offender.   Stowers was ordered back to the trial court for a sexual-predator hearing under former R.C. 2950.09.   The trial court adjudicated him a sexual predator, requiring him to register every 90 days for life.   Stowers appealed his sexual-predator

classification on constitutional grounds. We affirmed his classification, holding that former R.C. Chapter 2950 did not violate the Ex Post Facto Clause of the United States Constitution, the prohibition against retroactive laws in the Ohio Constitution, or the prohibition against double jeopardy, and that it was not unconstitutionally vague. *See State v. Stowers*, 1st Dist. Hamilton No. C-970423 (Mar. 27, 1998). Stowers was finally released from prison on December 3, 1997, after serving 16 years and 346 days.

{¶4} In 2005, the Ohio Supreme Court decided *State v. Champion*, 106 Ohio St.3d 120, 2005-Ohio-4098, 832 N.E.2d 718, which held at the syllabus that

> A person whose prison term for a sexually oriented offense was completed before July 1, 1997, is not required to register under [former] R.C. 2950.04(A)(1)(a) or periodically verify a current address under [former] R.C. 2950.06(A), even if the person returns to prison on a parole violation for a term served concurrently with the sexually oriented offense.

{¶5} In 2006, Stowers filed a motion to set aside the order requiring him to register as a sex offender. Citing *Champion*, Stowers argued that he had finished serving his sentence for the attempted rape prior to July 1, 1997, and therefore, he had not been in prison for a sex offense when former R.C. Chapter 2950 became effective and the registration provisions could not be applied to him. The trial court overruled Stowers's motion, and Stowers did not appeal from that judgment.

{¶6} On January 7, 2014, Stowers was indicted for failing to give notice of an address change. Stowers's 1978 conviction for attempted rape was the basis of his registration duty. Stowers, citing *Champion*, filed a motion to dismiss the indictment on the ground that the registration statutes did not apply to him because he had finished serving his sentence for attempted rape prior to July 1, 1997, and

therefore, the court had had no authority to order him to register as a sex offender. The state argued that res judicata prevented Stowers from challenging his duty to register. Stowers argued that res judicata did not bar him from challenging his duty to register, because the order requiring him to register was void for lack of subject-matter jurisdiction. The trial court granted Stowers's motion to dismiss the indictment and ordered that his name be removed from the sex-offender registry, finding that Stowers had finished serving his prison term for the attempted rape prior to July 1, 1997, and therefore, he "never had a duty to register as a sex offender." The state has appealed.

### *Analysis*

{¶7} The state's sole assignment of error alleges that the trial court erred in granting Stowers's motion to dismiss the indictment and ordering that his name be removed from the sex-offender registry. The state argues that the issue of whether Stowers is required to register as a sex offender is res judicata, because that issue was decided when the trial court overruled his 2006 motion, and he did not appeal from that judgment.

{¶8} Stowers counters that the order requiring him to register as a sex offender was void ab initio and subject to collateral attack at any time. It is true that a judgment that is void because the court exceeded its jurisdiction may be attacked at any time. *See Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 11; *Lyttle v. State*, 12th Dist. Butler No. CA2010-04-089, 2012-Ohio-3042, citing *State v. Wozniak*, 172 Ohio St. 517, 520, 178 N.E.2d 800 (1961), and *State v. Williams*, 53 Ohio App.3d 1, 5, 557 N.E.2d 818 (10th Dist.1998). But that judgment may not be attacked repeatedly.

{¶9} In *Claxton v. Simons*, 174 Ohio St. 333, 189 N.E.2d 62 (1963), paragraph four of the syllabus, the Ohio Supreme Court stated,

4

Where a person appears in an action for the purpose of contending that a judgment is void as a judgment against him, such person thereby submits to the court for its determination whether such judgment is or is not void as a judgment against him; and, if the court determines that such judgment is not void as a judgment against him, even though that determination is erroneous on the facts and on the law, the determination is res judicata between the parties and can only be attacked directly by an appeal therefrom.

{¶10} In *Claxton*, the trial court overruled the defendant's motion to vacate a default judgment on the basis of lack of proper service. The defendant did not appeal the court's judgment. Subsequently, when the court entered a judgment against the defendant's insurer, the defendant appealed that judgment and attempted to argue the merits of her motion to vacate. The Supreme Court held that the trial court's ruling on the jurisdictional question raised by the motion to vacate was binding under the doctrine of res judicata.

{¶11} "Once [a] jurisdictional issue has been fully litigated and determined by a court that has authority to pass upon the issues, said determination is res judicata in a collateral action and can only be attacked directly by appeal." *State ex rel. Arcadia Acres v. Ohio Dept. of Job and Family Servs.*, 123 Ohio St.3d 54, 2009-Ohio-4176, 914 N.E.2d 170, citing *Citicasters Co. v. Stop 26-Riverbend, Inc.,* 147 Ohio App.3d 531, 2002-Ohio-2286, 771 N.E.2d 317, ¶ 33 (7th Dist.), quoting *Squires v. Squires*, 12 Ohio App.3d 138, 141, 468 N.E.2d 73 (12th Dist.1983). The jurisdictional issue becomes binding upon the parties even if the determination is wrong on the facts and the law. *Rindfleisch v. AFT Inc.,* 8th Dist. Cuyahoga Nos. 84551, 84897 and 84917, 2005-Ohio-191, ¶ 6, citing *Claxton* at 337.

5

{¶12} Stowers raised the issue of whether he was subject to sex-offender registration in his 2006 motion. Citing *Champion*, he argued, as he does here, that because he had served his sentence for attempted rape prior to July 1, 1997, the trial court had acted outside its jurisdiction in ordering him to register as a sex offender, and therefore the order was void. The issue of the court's authority to order him to register as a sex offender was directly at issue and fully litigated in the proceedings on his 2006 motion. That issue was decided against him, and he did not appeal that determination. Therefore, he is barred by res judicata from raising that issue again.

### *Conclusion*

{¶13} We sustain the assignment of error. The judgment of the trial court granting Stowers's motion to dismiss the indictment and ordering that Stowers's name be removed from the sex-offender registry is reversed, and this cause is remanded to the trial court for further proceedings consistent with law and this opinion.

*Judgment reversed and cause remanded.*

**DEWINE** and **STAUTBERG, JJ.,** concur.

Please note:

The court has recorded its own entry this date.