[Cite as *Martin v. New Philadelphia Police Dept.*, 2023-Ohio-1862.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| JEFFERY L. MARTIN | Case No. 2023-00249PQ |
| Requester | Judge Lisa L. Sadler |
| v. | <u>JUDGMENT ENTRY</u> |
| NEW PHILADELPHIA POLICE DEPARTMENT | |
| Respondent | |

{¶1} Pursuant to R.C. 2743.75(D)(2), a Special Master issued a Recommendation To Dismiss for lack of subject matter jurisdiction. Upon independent review, the Court agrees that dismissal is warranted, but for reasons other than lack of subject-matter jurisdiction.

{¶2} The Special Master states in support of his recommendation:

[Requester] does not claim that [Respondent] wrongfully withheld or redacted a public record, claims that would be within the scope of R.C. 149.43(B). Instead, he seeks to compel [Respondent] to create a new, in his view more accurate, report or to at least correct the existing report. This court lacks jurisdiction to entertain such a claim or grant such relief because it is beyond the scope of 149.43(B). It similarly lacks jurisdiction to address alleged violations of R.C. 2921.12(A)(2) because the "Court of Claims does not have jurisdiction to determine whether or not a crime has occurred[.]" *Evans v. Ohio Dept. of Rehab. & Correction*, 10th Dist. Franklin No. 19AP-743, 2020- Ohio-3191, ¶ 16. See also *Gunnell v. Secy. of State*, Ct. of Cl. No. 2014-00832, 2015-Ohio-5617, ¶ 17.

(Recommendation To Dismiss, 2-3.)

{¶3} The Special Master's reasoning suggests that a dismissal is warranted in this case because, based on the Complaint's allegations, it appears, beyond doubt, that

Requester can prove no set of facts entitling Requester to relief. Such a dismissal would serve to operate as an adjudication on the merits. *See State ex rel. Acres v. Ohio Dept. of Job & Family Servs.*, 123 Ohio St.3d 54, 2009-Ohio-4176, 914 N.E.2d 170, ¶ 15 ("a dismissal grounded on a complaint's 'failure to state a claim upon which relief can be granted' constitutes a judgment that is an 'adjudication on the merits'"); *see also State ex rel. Horwitz v. Court of Common Pleas*, 65 Ohio St.3d 323, 325, 603 N.E.2d 1005 (1992), citing *Defense of the Washington Local School Dist. v. Kiger* , 42 Ohio St.3d 116, 117, 537 N.E.2d 1292, 1293 (1989) ("Civ.R. 12(B)(6) motions attack the sufficiency of the complaint and may not be used to summarily review the merits of a cause of action in mandamus").

{¶4} If subject-matter jurisdiction were lacking in this case, the Court could not issue a ruling on the merits of the case. *See Bright v. Family Medicine Found., Inc.*, 10th Dist. Franklin No. 02AP-1443, 2003-Ohio-6652, ¶ 10 (a court that lacks subject-matter jurisdiction "may not hear and decide a case on the merits"). *Accord Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941 (1988), paragraph three of the syllabus ("[a] judgment rendered by a court lacking subject matter jurisdiction is void *ab initio*"); *Morrison v. Steiner*, 32 Ohio St.2d 86, 290 N.E.2d 841 (1972), paragraph one of the syllabus (subject-matter jurisdiction of a court "connotes the power to hear and decide a case upon its merits").

{¶5} Through R.C. 2743.75 and 2743.03(A)(3)(b), the General Assembly has conferred jurisdiction upon this Court to resolve disputes alleging a denial of access to public records in violation of R.C. 149.43(B). Under R.C. 2743.75(A)(1), except for a court that hears a mandamus action pursuant to R.C. 149.43, the Court of Claims is the sole and exclusive authority in this state that adjudicates or resolves complaints based on alleged violations of R.C. 149.43. *See* R.C. 2743.75(A)(1). And pursuant to R.C. 2743.03(A)(3)(b), the Court of Claims has exclusive, original jurisdiction under R.C. 2743.75 to hear complaints alleging a denial of access to public records in violation of R.C. 149.43(B) regardless of whether the public office or person responsible for public records is an office or employee of the state or of a political subdivision. *See* R.C. 2743.03(A)(3)(b). *See generally Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 11.

{¶6} Under Ohio law, a requester "must establish entitlement to relief in an action filed in the Court of Claims under R.C. 2743.75 by clear and convincing evidence." *Viola v. Cuyahoga Cty. Prosecutor's Office*, 8th Dist. Cuyahoga No. 110315, 2021-Ohio-4210, ¶ 16, citing *Hurt v. Liberty Twp.*, 2017-Ohio-7820, 97 N.E.3d 1153, ¶ 27-30 (5th Dist.). *See Welsh-Huggins*, *supra*, at ¶ 32.  *See also Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus (holding that clear and convincing evidence "is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established").

{¶7} It is established under Ohio law that the government "has no duty to give information or to create new records by searching for and compiling information from existing records." *State ex rel. Mitchell v. Byrd*, 8th Dist. Cuyahoga No. 111205, 2022-Ohio-2700, ¶ 10.  Additionally, the Ohio Public Records Act concerns existing records, not records that ought to exist. *State ex rel. Ware v. DeWine*, 10th Dist. Franklin No. 19AP-161, 2019-Ohio-5203 (adopting a magistrate's findings of fact and conclusions of law in an appended decision), ¶ 48.

{¶8} In this instance, as the Special Master indicates, a review of Requester's Complaint demonstrates that Requester essentially asks Respondent to create a new record, which a public-records custodian has no duty to create, or modify an existing record, which is not required as it is not an existing record. *State ex rel. Mitchell v. Byrd* at ¶ 10; *State ex rel. Ware v. DeWine* at ¶ 48.  Requester thus has not demonstrated an entitlement to relief under R.C. 2743.75 by clear and convincing evidence. *See Viola* at ¶ 16.

{¶9} The Court agrees with the Special Master's recommendation that dismissal is appropriate, but disagrees with the Special Master's view that dismissal should be for lack of subject-matter jurisdiction.  Pursuant to R.C. 2743.75(D)(2), and upon the Special Master's recommendation, the Court sua sponte dismisses Requester's Complaint for

reasons set forth above.[1]  Court costs are assessed against Requester.  The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
LISA L. SADLER
Judge

**Filed May 9, 2023**
**Sent to S.C. Reporter 6/5/23**

---

[1]        Under R.C. 2743.75(D)(2), "[n]otwithstanding any provision to the contrary in [R.C. 2743.75], upon the recommendation of the special master, the court of claims on its own motion may dismiss [a] complaint at any time."  Since the Special Master has issued a recommendation for dismissal in this case, the Court may dismiss Requester's Complaint at any time on its own motion under R.C. 2743.75(D)(2).

       Nonetheless, the Court provided the parties with an opportunity to file written objections to the Special Master's Recommendation To Dismiss.  Neither Requester nor Respondent has filed timely written objections to the Recommendation To Dismiss.