[Cite as *State v. Bell*, 2023-Ohio-2073.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|                         |     |                           |
|-------------------------|-----|---------------------------|
| STATE OF OHIO,          |  :  | APPEAL NO. C-220372       |
|                         |     | TRIAL NO. B-0700957A      |
| Plaintiff-Appellee,     |  :  |                           |
|                         |     |                           |
| vs.                     |  :  | *O P I N I O N.*          |
|                         |     |                           |
| WILLIE BELL,            |  :  |                           |
|                         |     |                           |
| Defendant-Appellant.    |  :  |                           |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: June 23, 2023

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Willie Bell*, pro se.

**KINSLEY, Judge**.

{¶1}   Defendant-appellant Willie Bell appeals the judgment of the Hamilton County Court of Common Pleas dismissing his "Motion to Vacate Sentence Impartial on Counts 1 & 3 and To Appoint Counsel to Furthermore Liberate Claim." For the following reasons, we affirm the court's judgment.

## Factual and Procedural History

{¶2}   In 2007, Bell was convicted of three counts of aggravated robbery, each with an accompanying gun specification, and one count of failure to comply with the order or signal of a police officer. The trial court imposed an aggregate 22-year prison term for these offenses. We affirmed Bell's convictions and sentences on direct appeal. *State v. Bell*, 1st Dist. Hamilton Nos. C-070804 and C-070805 (Sept. 24, 2008). In 2014 and 2018, Bell filed postconviction motions seeking to vacate his convictions and sentences, arguing that the trial court lacked subject-matter jurisdiction over his case due to "a lack of a charging instrument" or a deficient charging instrument. The common pleas court denied both these motions, specifically finding that because a proper indictment had been filed, the trial court had subject-matter jurisdiction over the proceedings leading to Bell's convictions. Bell did not appeal the denial of these motions.

{¶3}   In Bell's most recent postconviction motion, he seeks to vacate his convictions and sentences for counts one and three of aggravated robbery. Although Bell raises numerous grounds for relief in his motion, most of his claims either relate to his arguments that his trial counsel was constitutionally ineffective for failing to investigate the charges against him or that the trial court lacked subject-matter jurisdiction over his case. Additionally, he also raises statutory challenges to his sentences.

{¶4}   On appeal from the dismissal of his motion, Bell raises nine assignments of error. We address his assignments of error out of order for ease of discussion.

## Claims Reviewable and Subject to Dismissal Under R.C. 2953.21 et seq.

**{¶5}** Bell's second, third, fourth, fifth, and sixth assignments of error essentially restate the claims made in his motion that his trial counsel was constitutionally ineffective for failing to investigate the charges against him and may thus fairly be read to challenge the dismissal of those claims.

**{¶6}** It is unclear from the record what standard the common pleas court used to review Bell's motion. But the Ohio Supreme Court has held that "[w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131 (1997); *State v. Parker*, 157 Ohio St.3d 460, 2019-Ohio-3848, 137 N.E.3d 1151, ¶ 16. Because Bell is seeking to vacate two of his convictions on constitutional grounds, the common pleas court should have reviewed Bell's motion as a postconviction petition under the standards provided by R.C. 2953.21 et seq.

**{¶7}** Bell filed his motion well after the expiration of the time prescribed by R.C. 2953.21(A)(2). However, a common pleas court may entertain a late postconviction petition if the petition satisfies the jurisdictional requirements of R.C. 2953.23. But Bell cannot satisfy those requirements as the record does not demonstrate that he was unavoidably prevented from discovering the facts underlying his postconviction claims or that his claims were predicated upon a new or retrospectively applicable federal or state right recognized by the United States Supreme Court since the time for filing a postconviction petition had expired. Because Bell satisfied neither the time strictures of R.C. 2953.21(A)(2) nor the jurisdictional requirements of R.C. 2953.23(A), the postconviction statutes did not confer upon the common pleas court jurisdiction to entertain Bell's postconviction claims related to his trial counsel's ineffectiveness, and those claims were subject to dismissal. *See* R.C.

2953.21(D) and (F) and 2953.23(A). Accordingly, we overrule the second, third, fourth, fifth, and sixth assignments of error.

## Res Judicata Bars Challenge to Subject-Matter Jurisdiction

{¶8} In his first assignment of error, Bell contends that the common pleas court erred by dismissing his claims challenging the trial court's subject-matter jurisdiction over the criminal proceedings leading to his convictions. We disagree. Although a challenge to a court's subject-matter jurisdiction may be raised at any time, *see Dikong v. Ohio Supports, Inc.*, 2013-Ohio-33, 98 N.E.2d 949, ¶ 9 (1st Dist.), it may not be repeatedly attacked. "Once [a] jurisdictional issue has been fully litigated and determined by a court that has authority to pass upon the issues, said determination is res judicata in a collateral action and can only be attacked directly by appeal." *State v. Stowers*, 1st Dist. Hamilton No. C-150095, 2015-Ohio-4846, ¶ 11, citing *State ex rel. Acres v. Ohio Dept. of Job and Family Servs.*, 123 Ohio St.3d 54, 2009-Ohio-4176, 914 N.E.2d 170. Here, the common pleas court had previously considered Bell's challenge to the trial court's jurisdiction based on a deficient charging instrument and, finding that a proper indictment had been filed in the case, determined that the trial court had subject-matter jurisdiction over Bell's case. Because Bell did not appeal the common pleas court's denial of his motions, his challenges to the trial court's subject-matter jurisdiction are barred by res judicata. Accordingly, the first assignment of error is overruled.

## No Jurisdiction to Review Claims Challenging Sentences

{¶9} Bell's seventh and eighth assignments of error restate the claims made in his motion that his sentences are contrary to law and thus may fairly be read to challenge the dismissal of those claims. Because we hold that the common pleas court lacked jurisdiction to consider these claims and properly dismissed them, we overrule these assignments of error.

{¶10} Bell's sentencing claims raised statutory and not constitutional challenges to his sentences, and thus were not reviewable under the standards provided by R.C. 2953.21 et seq., governing the proceedings upon a petition for postconviction relief. *See* R.C. 2953.21(A)(1) (requiring a postconviction petitioner to demonstrate a constitutional violation in the proceedings resulting in his conviction). Nor were the sentencing claims reviewable under the court's jurisdiction to correct a void judgment. In *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, the Ohio Supreme Court held that "[a] judgment or sentence is void only if it is rendered by a court that lacks subject-matter jurisdiction over the case or personal jurisdiction over the defendant." *Id.* at ¶ 43. "If [a] court has jurisdiction over the case and the person, any sentence based on an error in the court's exercise of that jurisdiction is voidable." *Id.* at ¶ 37.

{¶11} Here, the court had subject-matter jurisdiction and personal jurisdiction over Bell. *See* Article IV, Section 4(A), Ohio Constitution; R.C. 2931.03; *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 25, quoting *Smith v. Sheldon*, 157 Ohio St.3d 1, 2019-Ohio-1677, 131 N.E.3d 1, ¶ 8 ("[A] common pleas court has subject-matter jurisdiction over felony cases."); *Henderson* at ¶ 36, citing *Tari v. State*, 117 Ohio St. 481, 490-491, 159 N.E. 594 (1927) ("The court acquires jurisdiction over a person by lawfully issued process, followed by the arrest and arraignment of the accused and his plea to the charge" [and] where a defendant "does not object to the court's exercise of jurisdiction over him."). Because the court had jurisdiction over Bell and his criminal case, any error in imposing the sentences merely rendered Bell's sentences voidable and not subject to a collateral attack in a postconviction motion. *See Henderson* at ¶ 43.

**Grounds Not Asserted in Postconviction Motion Are Waived**

**{¶12}** Finally, Bell argues in his ninth assignment of error that the trial court erred by failing to inform him of his right to appeal his convictions. But it is well-settled that issues or arguments not raised in the lower court are considered waived and may not be raised for the first time on appeal. *State v. Smith*, 8th Dist. Cuyahoga No. 108499, 2020-Ohio-1026, ¶ 13; *State v. Jones*, 1st Dist. Hamilton No. C-150312 and C-150303, 2016-Ohio-5109, ¶ 5. Because Bell did not raise this ground in his postconviction motion, we may not consider it now. Accordingly, his ninth assignment of error is overruled.

**{¶13}** In conclusion, because the postconviction statutes did not confer jurisdiction upon the common pleas court to consider Bell's claims challenging the constitutional effectiveness of his counsel or his statutory challenges to his sentences, and because Bell's claim challenging the trial court's subject-matter jurisdiction was barred by res judicata, we affirm the lower court's judgment dismissing Bell's motion.

Judgment affirmed.

**BERGERON, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.