DECISION
{¶ 1} Relators, Arcadia Acres and Spring Meadows Care Center, operate long-term care nursing facilities and participate in the federal Medicaid program as administered by respondent, Ohio Department of Job and Family Services ("ODJFS"). Pursuant to R.C. Chapter 5111, ODJFS reimburses qualifying nursing facilities for the reasonable costs of services provided and pays each qualifying nursing facility a per *Page 2 
diem rate calculated based upon actual costs incurred by the facility in a previous period. Relators experienced certain extraordinary or unexpected additional costs and requested that ODJFS adjust their reimbursement rates for the 2005 fiscal year through a rate reconsideration under R.C. 5111.27(F), 5111.29(A)(2) and (3).
 {¶ 2} ODJFS refused to provide the requested relief and relators filed a declaratory judgment action in the Franklin County Court of Common Pleas asking the trial court to declare that (1) ODJFS had violated constitutional law by failing to pay them reasonable and adequate reimbursement rates, and (2) they were entitled to reasonable and adequate rate adjustments for the 2005 fiscal year. Respondents, ODJFS and its Director, filed a motion to dismiss pursuant to Civ. R. 12(B)(1) and (6). The trial court granted the motion to dismiss, finding that it lacked subject-matter jurisdiction since the action was not a mandamus action.
 {¶ 3} Relators appealed to this court which found that the trial court was correct in dismissing the declaratory judgment action, but not because it did not have subject-matter jurisdiction. This court found dismissal of the declaratory judgment action was proper because a mandamus action was the appropriate means of seeking relief, not a declaratory judgment action. See Arcadia Acres v. Ohio Dept. of Job Family Servs. Franklin App. No. 06AP-738, 2007-Ohio-6853 ("ArcadiaAcres"). ODJFS filed an application for reconsideration which this court denied, finding that relators had failed to state a viable claim for relief and dismissal, pursuant to Civ. R. 12(B)(6), was appropriate. SeeArcadia Acres v. Ohio Dept. of Job Family Servs. (Feb. 5, 2008), Franklin App. No. 06AP-738 (Memorandum Decision).
 {¶ 4} Relators then filed this original action requesting that this court issue a writ of mandamus ordering respondents ODJFS and its Director to reconsider and *Page 3 
re-evaluate their per diem rate adjustment pursuant to the requirements of R.C. Chapter 5111. Respondents filed a motion to dismiss pursuant to Civ. R. 12(B)(1) and/or (6). This matter was referred to a magistrate of this court pursuant to Civ. R. 53(C) and Loc. R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, and recommended that this court grant respondents' motion to dismiss and dismiss relators' action because it is barred by the doctrine of res judicata. (Attached as Appendix A.)
 {¶ 5} In order for a trial court to grant a motion to dismiss for failure to state a claim upon which relief may be granted, "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." O'Brien v. Univ. CommunityTenants Union (1975), 42 Ohio St.2d 242, syllabus.
 {¶ 6} Relators filed objections to the magistrate's decision arguing that the mandamus action is not barred by the doctrine of res judicata. In Ohio Academy of Nursing Homes v. Ohio Dept. of Job FamilyServs., 114 Ohio St.3d 14, 2007-Ohio-2620, the Supreme Court of Ohio determined that nursing facilities seeking to challenge ODJFS's denial of a request for reconsideration of a reimbursement rate must do so through a mandamus action. In Ohio Academy, the nursing facilities sought an adjustment of their rates under R.C. 5111.27(F), which allows ODJFS to adjust rates to account for costs incurred in complying with a government mandate. The court held that, "when an agency's decision is discretionary and, by statute, not subject to direct appeal, a writ of mandamus is the sole vehicle to challenge the decision, by attempting to show that the agency abused its discretion." Id. at ¶ 23. ODJFS's denial of the nursing facilities' rate reconsideration requests was discretionary and not directly *Page 4 
appealable, thus mandamus was the exclusive remedy available to the nursing facilities. Arcadia Acres, supra.
 {¶ 7} However, as previously stated, relators originally filed a declaratory judgment action seeking a declaration that ODJFS violated constitutional and statutory law and that they were entitled to reasonable and adequate rate adjustments. Relying on Ohio Academy, this court concluded that the trial court properly dismissed the declaratory judgment action finding that a mandamus action was the appropriate means of seeking relief, not a declaratory judgment action. This court found that the trial court had subject-matter jurisdiction, but that relators' complaint failed to state a viable claim for relief.
 {¶ 8} Relators argue that, since the trial court dismissed the complaint for lack of subject-matter jurisdiction, it did not constitute a decision on the merits and res judicata does not bar their mandamus action. Relators also argue that this court's subsequent affirmance for different reasons does not prejudice their rights because the appeals decision was issued pursuant to the Ohio Rules of Appellate Procedure and the civil rules apply to proceedings before the trial court, not appellate courts. Thus, relators argue that, since under the civil rules applicable to the trial court, the trial court dismissed the complaint for lack of subject-matter jurisdiction and, pursuant to the civil rules, such a dismissal constitutes an adjudication other than on the merits under Civ. R. 41(B)(4), res judicata does not bar this mandamus action.
 {¶ 9} However, while this court affirmed the dismissal of the complaint by the trial court, it did so for a different reason, finding that relators had failed to state a viable claim. Relators' argument ignores the doctrine of the law of the case. The Supreme Court of Ohio discussed this doctrine in Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3. The *Page 5 
law of the case doctrine provides that "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels," but "[t]he doctrine is considered to be a rule of practice rather than a binding rule of substantive law." Id. Thus, trial courts are compelled to follow the mandates of reviewing courts in pursuit of the goals of ensuring consistency of results in a case, avoiding endless litigation by settling the issue, and preserving the structure of superior and inferior courts as designed by the Ohio Constitution. Id. When this court determined that relators had failed to state a viable claim, rather than finding that the trial court did not have subject-matter jurisdiction, that determination became the law of the case and res judicata applies.
 {¶ 10} During that appeal, this court also denied relators' request to remand the matter to the trial court to amend the complaint, recognizing that relators filed their complaint for declaratory relief over three months after this court held that mandamus was the only vehicle for relief available to parties seeking to challenge ODJFS's denial of a rate reconsideration request in Ohio Academy of Nursing Homes v. OhioDept. of Job Family Servs., 164 Ohio App.3d 808, 2005-Ohio-6888, at ¶ 11. Despite the holding in Ohio Academy, relators did not plead mandamus in their complaint and did not seek leave to amend their complaint to add mandamus. This court stated in Arcadia Acres, at ¶ 11, as follows:
 * * * Once the trial court issued its final judgment dismissing appellants' action, the doctrine of res judicata barred appellants from seeking any remedy that they could have, but did not, demand in their action. Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, 382-383. Therefore, the res judicata doctrine precludes us from remanding this matter to the trial court so that appellants can assert a new claim. *Page 6 
Thus, this court recognized in the first Arcadia Acres decision that the doctrine of res judicata prevented relators from asserting claims in mandamus because they had not asserted them initially in the originalArcadia Acres action or amended their complaint to do so. They are still prevented from doing so. The doctrine of res judicata provides that "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."Grava v. Parkman Twp., 73 Ohio St.3d 379, 1995-Ohio-331, syllabus. InGrava, the court stated that the doctrine of res judicata bars not only subsequent actions involving the same legal theory of recovery as the previous action, but also claims which could have been litigated in the previous action:
 * * * "It has long been the law of Ohio that `an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit'" (emphasis sic) (quoting Rogers v. Whitehall [1986], 25 Ohio St.3d 67, 69, 25 OBR 89, 90, 494 N.E.2d 1387, 1388). We also declared that "[t]he doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." Id.
Grava, at 382, quoting Natl. Amusements, Inc. v. Springdale (1990),53 Ohio St.3d 60, 62.
 {¶ 11} Here, the magistrate did not err in recommending that this court dismiss relators' action because it is barred by the doctrine of res judicata. For the foregoing reasons, we overrule relators' objections. Upon an examination of the magistrate's decision and an independent review of the file, we find that the magistrate has properly determined the pertinent facts and applied the relevant law to those facts. This court adopts the magistrate's decision as its own, including the findings of fact and *Page 7 
conclusions of law contained therein. In accordance with the magistrate's decision, we hereby grant respondents' motion to dismiss and dismiss relators' mandamus action.
Objections overruled,
motion to dismiss granted,
action dismissed.
PETREE and TYACK, JJ., concur.
T. BRYANT, J., retired, of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 8 
 APPENDIX A {¶ 12} Relators Arcadia Acres and Spring Meadows Care Center have filed an original action requesting that this court issue a writ of mandamus ordering respondent Ohio Department of Job and Family Services ("ODJFS") to reconsider and re-evaluate their per diem rate adjustment pursuant to the requirements of R.C. Chapter 5111. *Page 9 
Findings of Fact: {¶ 13} 1. Relators Arcadia Acres and Spring Meadows Care Center operate long-term-care nursing facilities and participate in the Federal Medicaid Program administered by ODJFS.
 {¶ 14} 2. Pursuant to R.C. Chapter 5111, ODJFS reimburses qualifying nursing facilities for the reasonable costs of services provided and pays each qualifying nursing facility a per diem rate calculated based upon actual costs incurred by the facility in a previous period.
 {¶ 15} 3. If a nursing facility experiences certain extraordinary or unexpected costs, it may seek a rate reconsideration under R.C. 5111.27(F), 5111.29(A)(2) and (3).
 {¶ 16} 4. Relators experienced additional costs and requested that ODJFS adjust their reimbursement rates for the 2005 fiscal year.
 {¶ 17} 5. After ODJFS refused to provide the relief requested, relators filed a declaratory judgment action in the Franklin County Court of Common Pleas asking the court to declare that: (1) ODJFS violated constitutional and statutory law by failing to pay them reasonable and adequate reimbursement rates, and (2) they were entitled to reasonable and adequate rate adjustments for the 2005 fiscal year.
 {¶ 18} 6. ODJFS and Director Helen E. Jones-Kelley filed a motion to dismiss relators' complaint in the common pleas court.
 {¶ 19} 7. The trial court granted the motion of ODJFS and dismissed relators' complaint because the action was required to have been brought in mandamus and the trial court lacked subject-matter jurisdiction to hear relators' claims.
 {¶ 20} 8. Relators filed an appeal from the trial court's judgment entry dismissing the action. *Page 10 
 {¶ 21} 9. In Arcadia Acres v. Ohio Dept. of Job and FamilyServs., Franklin App. No. 06AP-738, 2007-Ohio-6853, this court overruled relators' assignments of error and affirmed the judgment of the common pleas court. However, this court held that the trial court did have subject-matter jurisdiction and had dismissed relators' complaint on the wrong grounds. This court affirmed the trial court's dismissal, but on grounds that relators' complaint failed to state a viable claim for relief. Specifically, this court relied on the Supreme Court of Ohio's decision in Ohio Academy of Nursing Homes v. Ohio Dept. of Job andFamily Servs., 114 Ohio St.3d 14, 2007-Ohio-2620, and stated:
 After appellants filed the instant appeal, the Supreme Court of Ohio decided Ohio Academy of Nursing Homes[,] * * * in which the court affirmed this court's decision, 164 Ohio App.3d 808, 2005-Ohio-6888. In Ohio Academy, the Supreme Court of Ohio addressed the nature of relief available to nursing facilities seeking to challenge ODJFS' denial of a request for reconsideration of a reimbursement rate. There, the nursing facilities sought an adjustment of their rates under R.C. 5111.27(F), which allows ODJFS to adjust reimbursement rates to account for costs incurred in complying with a "government mandate." The court held that "when an agency's decision is discretionary and, by statute, not subject to direct appeal, a writ of mandamus is the sole vehicle to challenge the decision, by attempting to show that the agency abused its discretion." Ohio Academy, at ¶ 23. ODFJS' [sic] denial of the nursing facilities' rate reconsideration requests was discretionary and not directly appealable. Id. at ¶ 27, citing R.C. 5111.29(A)(5). Thus, the court concluded that mandamus was the exclusive avenue of relief available to the nursing facilities. Id.
Moreover, in so concluding, the court explicitly addressed and rejected the argument that a declaratory judgment action was an available remedy. Id. at ¶ 29.
 Based upon its decision in Ohio Academy, the Supreme Court of Ohio affirmed this court's judgment in PNP, Inc. v. Ohio Dept. of Job and Family Serv[s]., Franklin App. No. 04AP-1294, 2006-Ohio-1159, affirmed 114 Ohio St.3d 70, 2007-Ohio-2880. In that case, we held that ODJFS' denial of a rate reconsideration sought for "extreme circumstances" was a discretionary decision that was not subject to appeal, *Page 11 
and thus, a nursing home could only seek review of such a denial through a mandamus action. Id. at ¶ 11-15.
 Applying Ohio Academy and PNP, Inc. to this case, we conclude that the trial court properly dismissed appellants' action. Whether a nursing facility requests rate reimbursement reconsideration under R.C. 5111.27(F), 5111.29(A)(2), or 5111.29(A)(3), ODJFS' denial of the request is discretionary and not subject to appeal. Accordingly, appellants only avenue of relief is mandamus, and they cannot maintain their declaratory relief action.
 * * * [W]e conclude ODJFS is entitled to dismissal of appellants' action because appellants failed to state a viable claim for relief. Although the trial court cited a different reason for dismissing appellants' action (i.e., lack of subject matter jurisdiction), we must affirm the judgment because it is legally correct on another ground. * * *
Id. at ¶ 7-10. (Fn. omitted.)
 {¶ 22} In addition, relators requested that this court remand its action to the common pleas court so that relators could amend their complaint and seek mandamus relief. This court denied that request stating:
 * * * Appellants filed their complaint over three months after this court held that mandamus was the only vehicle for relief available to parties seeking to challenge ODJFS' denial of a rate reconsideration request. * * * Despite this holding, appellants neither pled mandamus in their complaint nor requested leave to amend their complaint to assert mandamus. Once the trial court issued its final judgment dismissing appellants' action, the doctrine of res judicata barred appellants from seeking any remedy that they could have, but did not, demand in their action. Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, 382-383. Therefore, the res judicata doctrine precludes us from remanding this matter to the trial court so that appellants can assert a new claim.
Id. at ¶ 11.
 {¶ 23} 10. On March 21, 2008, relators filed the instant mandamus action in this court seeking the same relief which relators would have sought if this court would have *Page 12 
remanded their appeal to the common pleas court so that relators could amend their complaint to seek mandamus relief.
 {¶ 24} 11. ODJFS has filed a motion to dismiss relators' mandamus complaint on grounds that res judicata applies. In so arguing, ODJFS asserts that the dismissal of relators' original common pleas court action on grounds that relators had failed to state a viable claim for relief, constitutes a decision on the merits and the doctrine of res judicata prevents relators from bringing those claims in a new action.
 {¶ 25} 12. Relators have filed a memorandum in opposition to ODJFS's motion to dismiss arguing that the trial court's dismissal of relators' action for lack of subject-matter jurisdiction does not constitute a decision on the merits and that this court's affirmance of the trial court's dismissal does not change that fact even though this court concluded that the trial court's reason for dismissing the action was wrong. Relators argue further that the trial court did not state an erroneous basis for its judgment and cites an earlier case from this court.
 {¶ 26} 13. The matter is currently before the magistrate on ODJFS's motion to dismiss.
Conclusions of Law: {¶ 27} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992),65 Ohio St.3d 545. In reviewing the complaint, the court must take all the material allegations as admitted and construe all reasonable inferences in favor of the nonmoving party. Id.
 {¶ 28} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that relator *Page 13 
can prove no set of facts entitling them to recovery. O'Brien v.University Community Tenants Union (1975), 42 Ohio St.2d 242. As such, a complaint for writ of mandamus is not subject to dismissal under Civ. R. 12(B)(6) if the complaint alleges the existence of a legal duty by respondent and the lack of an adequate remedy at law for relator with sufficient particularity to put respondent on notice of the substance of the claim being asserted against it, and it appears that relator might prove some set of facts entitling him to relief. State ex rel. Boggs v.Springfield Local School Dist. Bd. of Edn. (1995), 72 Ohio St.3d 94. For the following reasons, respondents' motion should be granted and relators' complaint should be dismissed.
 {¶ 29} For the reasons that follow, it is this magistrate's decision that this court should dismiss relators' action.
 {¶ 30} In spite of relators' arguments to the contrary, the Supreme Court of Ohio's decision in Ohio Academy of Nursing Homes and this court's decision concerning relators' previous appeal in ArcadiaAcres, mandamus is the exclusive avenue of relief. Further, in affirming the trial court's dismissal of relators' underlying action for declaratory judgment, this court specifically found that the trial court's reason for dismissing relators' action was improper. This court specifically held that relators' underlying common pleas court action should have been dismissed on grounds that relators failed to state a viable claim for relief. This court affirmed the trial court's dismissal of relators' action in spite of the fact that the trial court dismissed it on an erroneous basis because when a trial court has stated an erroneous basis for its judgment, an appellate court must affirm the judgment on review if that judgment is legally correct on other grounds.Joyce v. General Motors Corp. (1990), 49 Ohio St.3d 93. The rationale is that the trial court reached the correct result but for the wrong *Page 14 
reason and the appellate court affirms the judgment because the trial court's error is not prejudicial.
 {¶ 31} As this court stated in Arcadia Acres, the trial court should have dismissed relators' action on grounds that relators had failed to state a viable claim for relief. Such a dismissal is on the merits and the doctrine of res judicata bars relators from later seeking any remedy that they could have, but did not, demand in that action. Because relators could have and should have filed a mandamus action instead of a declaratory judgment action, relators are barred from bringing that action now.
 {¶ 32} Because res judicata does apply, this court should grant the motion of respondents and dismiss relators' mandamus action. *Page 1