[Cite as *Fields v. Buehrer*, 2014-Ohio-1382.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Jill M. Fields,                                  :

       Appellee-Appellant,          :

v.                                               :          No. 13AP-724
                                                            (C.P.C. No. 12CV-10947)
Steve Buehrer, Administrator, Ohio               :
Bureau of Workers' Compensation,                            (REGULAR CALENDAR)
                                                 :
       Appellee-Appellee,           :

Franklin County Residential Services, Inc.,      :

       Appellant-Appellee.          :

                                                 :

D E C I S I O N

Rendered on March 31, 2014

*Malek & Malek*, and *Douglas C. Malek*, for appellant.

*Blaugrund Herbert Kessler Miller Myers & Postalakis Incorporated*, and *John W. Herbert*, for appellee Franklin County Residential Services, Inc.

APPEAL from the Franklin County Court of Common Pleas

O'GRADY, J.

{¶ 1} Appellee-Appellant, Jill M. Fields ("Fields"), appeals from the judgment of the Franklin County Court of Common Pleas denying her the right to participate in the workers' compensation fund for the additional allowance of complex regional pain syndrome ("CRPS"). For the reasons that follow, we affirm.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2}   On July 19, 2011, while a Franklin County Residential Services, Inc. ("Residential Services") employee, Fields was injured on the job when an electric wheelchair ran over her foot.  She obtained workers' compensation for contusion of right foot, right fracture fourth metatarsal, and crushing injury right foot.  Later, Fields sought an additional allowance for CRPS.  A district hearing officer ("DHO") denied the request based on the reports of Robin Stanko, M.D. and Gerald Steiman, M.D., both of whom conducted an independent medical examination ("IME") of Fields.  Fields appealed, and a staff hearing officer ("SHO") vacated the DHO's order based on the reports of Fields' treating physicians, Stephen Altic, D.O., David Kaplansky, D.P.M., and Robert Perkins, M.D.  The Industrial Commission of Ohio ("IC") refused to hear Residential Services' appeal from the SHO's order.  Residential Services filed a notice of appeal from the IC's decision in common pleas court under R.C. 4123.512.  Then, Fields filed a complaint essentially asking the court to affirm the IC's decision.

{¶ 3}   On June 5, 2013, Residential Services filed a motion for summary judgment arguing Fields did not suffer from CRPS.  Residential Services supported its motion with the affidavit of Dr. Steiman, who averred that Section 16.5e of the American Medical Association's Guides to the Evaluation of Permanent Impairment, 5th Edition (the "Guides") identified signs and symptoms that characterize CRPS.  He averred that because the Ohio Bureau of Workers' Compensation ("BWC") "defines disability based on the [Guides'] criteria, those criteria effectively define CRPS's signs and symptoms for diagnostic purposes." (Footnote omitted.) (R. 46, Dr. Steiman Affidavit, 2.)  Residential Services also argued that in *Bradley v. Ohio Dept. of Transp.*, 10th Dist. No. 11AP-409, 2012-Ohio-451, this court recognized Section 16.5 of the Guides "as a learned treatise for purposes of [Evid.R.] 803(18) and affirmed its use as a diagnostic standard."  (R. 46, 6.)

{¶ 4}   Dr. Steiman averred under the Guides, CRPS is present when a patient reports "burning pain that is present without stimulation or movement, that occurs beyond the territory of a single peripheral nerve, and that is disproportionate to the inciting event" and that occurs concurrently with 8 or more of 11 objective signs. (Dr. Steiman Affidavit, 2.)  Dr. Steiman averred when he conducted an IME of Fields, she did not exhibit any of the objective criteria.  In addition, Dr. Steiman averred his findings

were consistent with those of two other doctors who examined Fields. He opined Fields did not suffer from CRPS. In addition, Residential Services submitted with its motion Fields' medical records from Drs. Altic, Perkins, and Kaplansky and argued, based on the records, Fields' treating physicians also did not observe at least eight of the Guides' signs.

{¶ 5} On June 18, 2013, Fields filed a motion asking the common pleas court for a 30-day extension to respond to the motion for summary judgment under Civ.R. 56(F) to confer with potential additional expert witnesses and obtain affidavits. Specifically, Fields asked the court for time to: (1) obtain the affidavit of Dr. Altic, who was on vacation until June 24, 2013; (2) conduct the deposition of Dr. Perkins scheduled for June 24, 2013; and (3) conduct the deposition of Dr. Steiman, which Fields was in the process of scheduling. Fields submitted an affidavit from her attorney to support her Civ.R. 56(F) motion. Alternatively, Fields asked the court to deny summary judgment as a matter of law. In support, Fields contended a CRPS diagnosis could be made based on criteria other than those listed in the Guides. She also submitted her own non-expert affidavit and averred:

> I have received treatment directed at the CRPS, including sympathetic nerve blocks, medication, a spinal cord stimulator trial, and now I am scheduled to undergo a permanent spinal cord stimulator implant on or about August 1, 2013.

(R. 64, exhibit B, Fields Affidavit, 2.) Fields suggested this averment was sufficient to create a genuine issue of material fact as to whether she suffered from CRPS.

{¶ 6} Residential Services opposed Fields' June 18, 2013 motion. Then, on July 2, 2013, without leave of court, Fields filed a memorandum contra to the motion for summary judgment which she supported with Dr. Perkins' deposition transcript. Fields claimed Dr. Altic had returned from vacation but left again, so she would submit his affidavit after his return on July 8, 2013.

{¶ 7} Residential Services filed a motion to strike Fields' memorandum contra. In response, Fields made new arguments in support of her Civ.R. 56(F) motion. Namely, Fields complained she could not anticipate a motion for summary judgment on "a medical issue, which is inherently not subject to a ruling" on summary judgment. (R. 74.) Fields also complained her efforts to obtain Dr. Steiman's deposition were thwarted by his unreasonable fee, and in a separate motion, Fields asked the court to reduce that fee.

Then, on July 18, 2013, Fields filed additional documents to supplement her July 2, 2013 memorandum contra, such as Dr. Altic's affidavit.

{¶ 8} The common pleas court denied Fields' Civ.R. 56(F) motion. The court granted the motion to strike Fields' July 2, 2013 memorandum contra, implicitly striking her July 18, 2013 supplement to that memorandum. In addition, the court denied Fields' motion to reduce Dr. Steiman's fee as moot. The court granted Residential Services summary judgment, explaining, in part, that in *Bradley*, "the Tenth District Court of Appeals * * * recognized the Guides as the standard and * * * all of [Fields'] medical records show that [Fields] does not, in fact, exhibit the requisite eight or more signs for CRPS." (R. 90, Decision granting Residential Services' Motion for Summary Judgment, 5.)

## II. ASSIGNMENTS OF ERROR

{¶ 9} Fields appeals and presents eight assignments of error for our review:

I. The trial court erred, on July 26, 2013, to the prejudice of Plaintiff-Appellant in denying Plaintiff's Motion for Civ. R. 56(F) Extension of Time, filed on June 18, 2013 as before June 5, 2013 the date that Defendant-Appellee, Franklin County Residential Services, Inc. filed its Motion for Summary Judgment, the dispositive motion deadline date, the issue as to whether the American Medical Association's *GUIDES TO THE EVALUATION OF PERMANENT IMPAIRMENT*, 5th Ed. * * * was authoritative or the only reliable method of diagnosing Complex Regional Pain Syndrome * * * was not an issue, and therefore, it was an abuse of discretion and improper for the trial court to deny Plaintiff-Appellant's Motion.

II. The trial court erred, on July 26, 2013, to the prejudice of Plaintiff-Appellant in denying Plaintiff's Motion for Civ. R. 56(F) Extension of Time as adequate discovery had not yet been obtained on the facts necessary to oppose Defendant-Appellee, Franklin County Residential Services, Inc.'s Motion for Summary Judgment and Plaintiff-Appellant complied with the provisions of Civ. R. 56(F) in filing a motion for a continuance pursuant to this civil rule, including an affidavit, "stating the reasons justifying an extension of discovery." *Morantz v. Oritz*, 10th Dist. No. 07AP-597, 2008-Ohio-1046, ¶22.

III. The trial court erred in determining that because there were written reports from Plaintiff-Appellant's treating physicians on file, then therefore it was not necessary for Plaintiff-Appellant to be granted additional time in responding to the Motion for Summary Judgment, despite Plaintiff-Appellant not being able to rely upon what is otherwise hearsay as these reports were not drafted under oath and/or were not sworn statements as Dr. Stephen Altic's later affidavit was a sworn statement as was the sworn testimony of Dr. Robert H. Perkins.

IV. The trial court erred on August 13, 2013, in granting Defendant-Appellee, Franklin County Residential Services, Inc.'s Motion for Summary Judgment as there was no basis as a matter of law to grant this Motion for Summary Judgment as the trial court misapplied the holding in *Bradley v. Ohio DOT*, 10th Dist. No. 11AP-409 and 11AP-410, 2012 Ohio 451.

V. The trial court erred on August 13, 2013, in granting Defendant-Appellee, Franklin County Residential Services, Inc.'s Motion for Summary Judgment as the fact that a medical text is a learned treatise does not mean it is the only reliable method for diagnosing a medical condition, especially where there is testimony in the record and other evidence that there are other ways in which to diagnose the condition at issue here, CRPS.

VI. The trial court erred on August 13, 2013, in granting Defendant-Appellee, Franklin County Residential Services, Inc.'s Motion for Summary Judgment in failing to reconcile the inconsistencies between Dr. Gerald Steiman's statements contained in his affidavit and those contained within his report, which was attached as an exhibit to Defendant's Motion for Summary Judgment * * *, indicating that "There are not universally accepted diagnostic criteria of CRPS due to conflicting opinions as to the necessity of objective physical findings" whereas in the affidavit, presumably drafted by someone other than Dr. Steiman, this same doctor indicates that the *Guides* "criteria effectively define CRPS's signs and symptoms for diagnostic purposes."

VII. The trial court erred on August 13, 2013, in granting Defendant-Appellee, Franklin County Residential Services, Inc.'s Motion for Summary Judgment as there is neither a factual nor a legal basis for its decision.

VIII. The trial court erred on August 13, 2013, in granting Defendant-Appellee, Franklin County Residential Services, Inc.'s Motion for Summary Judgment as the existence of a medical issue is to be decided by the trier of fact, in this case, a jury, and therefore, the issue decided by the trial court is not an issue that can be disposed of via summary judgment.

(Footnote deleted.)

## III. DISCUSSION

### A. *Civ.R. 56(F) Motion*

{¶ 10} Fields' first, second, and third assignments of error are interrelated and will be discussed together. As discussed below, Fields contends the common pleas court erred in various ways when it denied her Civ.R. 56(F) motion for an extension of time to respond to the motion for summary judgment.

{¶ 11} Fields had 14 days to file her response to the motion for summary judgment. *See* Loc.R. 21.01 of the Franklin County Court of Common Pleas, General Division. However, the common pleas court could extend that time under Civ.R. 56(F), which provides:

Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.

{¶ 12} "The party seeking the Civ.R. 56(F) continuance bears the burden of establishing why the party cannot present sufficient facts to justify its opposition to a motion for summary judgment without a continuance." *Ford Motor Credit Co. v. Ryan*, 189 Ohio App.3d 560, 2010-Ohio-4601, ¶ 100 (10th Dist.), citing *Perpetual Fed. Savs. Bank v. TDS2 Prop. Mgt., LLC*, 10th Dist. No. 09AP-285, 2009-Ohio-6774, ¶ 13, and *Waverly City School Dist. Bd. of Edn. v. Triad Architects, Inc.*, 10th Dist. No. 08AP-329, 2008-Ohio-6917, ¶ 17. "The moving party cannot meet this burden with mere allegations; rather, the moving party must aver in an affidavit a particularized factual basis that explains why further discovery is necessary." *Id.*, citing *Morantz v. Ortiz,* 10th Dist. No. 07AP-597, 2008-Ohio-1046, ¶ 22, and *Hahn v. Groveport,* 10th Dist. No. 07AP-27, 2007-

Ohio-5559, ¶ 30. "Simply requesting a continuance in order to conduct discovery is not a sufficient explanation for why a party cannot present affidavits in opposition to the motion for summary judgment." *Brown v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 12AP-891, 2013-Ohio-4207, ¶ 16, citing *ABN AMRO Mtge. Group, Inc. v. Roush,* 10th Dist. No. 04AP-457, 2005-Ohio-1763, ¶ 22.

{¶ 13} An appellate court reviews a trial court's denial of a Civ.R. 56(F) motion for an abuse of discretion. *Id.* at ¶ 14, citing *Roush* at ¶ 23. The phrase "abuse of discretion" implies the court had an unreasonable, arbitrary or unconscionable attitude. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219 (1983).

{¶ 14} Fields filed her Civ.R. 56(F) motion the day before the discovery cut-off date. She supported the motion with the affidavit of her attorney, who averred "[s]everal additional items of discovery are required from [Residential Services] in this matter and are necessary before fully responding to [the] Motion for Summary Judgment." (Malek Affidavit, 1.) He averred the "Motion for Summary Judgment must be met with expert testimony; and it is necessary for [Fields] to consult with Dr. Stephen Altic, Dr. Richard Perkins and Dr. Gerald Steiman in order to prepare a response to [the] motion." (Malek Affidavit, 1.) Also, he averred, "[b]ased on my training, education, and experience as an attorney, it is my professional opinion that this information is both relevant and necessary to oppose [the] Motion for Summary Judgment, and will create an undue hardship if required to respond to said Motion without the necessary discovery." (Malek Affidavit, 1-2.)

{¶ 15} These averments fail to explain with particularity why Fields could not present by affidavit facts essential to justify her opposition to summary judgment without a continuance. For instance, they do not explain why Fields could not obtain the discovery or schedule the consultations she needed before her opposition was due. The common pleas court could have denied Fields' motion on the insufficiency of the affidavit alone.

{¶ 16} Moreover, even the arguments Fields made in the body of her Civ.R. 56(F) motion fall short of explaining why she could not timely oppose summary judgment. Fields claimed she needed Dr. Altic's affidavit but he was on vacation until June 24, 2013. However, she neglected to say when Dr. Altic left for vacation, making it impossible to

determine if she could have gotten an affidavit before he left but failed to so.  In addition, Fields claimed she had to take Dr. Perkins' deposition on June 24, 2013.  However, Fields offered no reason why she could not conduct this deposition sooner or, alternatively, get an affidavit from Dr. Perkins. Fields also claimed she needed to schedule and conduct Dr. Steiman's deposition but also did not explain why she did not do this sooner.  Fields never complained Dr. Steiman's fee was a problem until after the discovery cut-off date passed. As the common pleas court pointed out, Fields had the reports of Drs. Altic, Perkins, and Steiman well before Residential Services filed the motion for summary judgment.  Fields' lack of diligence in pursuing the additional discovery she needed, like depositions from Drs. Steiman and Perkins, militated against granting the Civ.R. 56(F) motion.  *Drake Constr. Co. v. Kemper House Mentor, Inc.*, 170 Ohio App.3d 19, 2007-Ohio-120, ¶ 29 (11th Dist.), citing *Doriott v. MVHE, Inc.*, 2d Dist. No. 20040, 2004-Ohio-867, ¶ 41.

{¶ 17}  On appeal, Fields suggests the common pleas court erred when it denied her Civ.R. 56(F) motion because in its summary judgment motion, Residential Services argued for the first time that the Guides' criteria were the only reliable way to diagnose CRPS, and she needed more time to counter this unanticipated argument.  Specifically, Fields complains in Dr. Steiman's report, he acknowledged the lack of universally accepted diagnostic criteria for CRPS and discussed criteria in the Guides and from the International Association for the Study of Pain ("IASP"). Fields complains Dr. Steiman did not advocate for the Guides' approach until he signed his affidavit. Fields makes the assumption Dr. Steiman did not actually draft his affidavit and suggests that somehow makes the affidavit improper.

{¶ 18}  However, Fields did not make any of these arguments at the trial level and never supported them via affidavit. We fail to see how the common pleas court abused its discretion by not granting Fields an extension of time for reasons she never expressed. Moreover, Fields provides no support for her contention that Dr. Steiman did not draft his affidavit. Even if Dr. Steiman did not physically prepare the affidavit, he agreed with the statements therein as evidenced by his signature. Additionally, while Dr. Steiman's report did discuss the IASP criteria, it also noted an "area of concern" with those criteria. (R. 46, exhibit No. 1-B, 6.)  His report noted no concerns with the Guides' criteria, suggesting he found the Guides more reliable.  Contrary to what Fields suggests, it is not inconsistent for

Dr. Steiman to acknowledge a lack of universally accepted criteria for diagnosing CRPS and later express an opinion on the criteria that should be relied on.[1]

{¶ 19} Moreover, even if Fields did not anticipate Dr. Steiman's ultimate reliance on the Guides' criteria in his affidavit, that does not explain her inability to oppose summary judgment with evidence she suffered from CRPS under any criteria. If this matter had proceeded to trial as scheduled in late August 2013, Fields still needed to prove she had CRPS. *See Daniel v. Williams*, 10th Dist. No. 13AP-155, 2014-Ohio-273, ¶ 39, quoting *Bennett v. Admr., Ohio Bur. of Workers' Comp.,* 134 Ohio St.3d 329, 2012-Ohio-5639, ¶ 17 ("Under 'long-established principles,' an R.C. 4123.512 appeal 'is de novo, in which a claimant bears the burden of proving his or her right to participate in the workers' compensation fund regardless of an Industrial Commission decision.' ").

{¶ 20} Fields also suggests the common pleas court denied her Civ.R. 56(F) motion due to a mistaken belief she could have opposed summary judgment with the unsworn written reports of her treating physicians. Fields misinterprets the court's decision. The court only mentioned the reports to illustrate the fact that Fields was aware of her physician's opinions for some time but failed to depose them in a timely fashion.

{¶ 21} For the foregoing reasons, we overrule the first, second, and third assignments of error.

B. *Summary Judgment*

{¶ 22} For ease of discussion, we will address appellant's fourth, fifth, sixth, seventh and eighth assignments of error together. Fields contends the common pleas court erred in various ways when it granted Residential Services summary judgment.

{¶ 23} Appellate review of summary judgment is de novo, which necessitates an independent review of the record without deference to the trial court's decision. *New Destiny Treatment Ctr., Inc. v. Wheeler*, 129 Ohio St.3d 39, 2011-Ohio-2266, ¶ 24; *Miller v. J.B. Hunt Transport, Inc.*, 10th Dist. No. 13AP-162, 2013-Ohio-3892, ¶ 20. Under Civ.R. 56(C), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there

---

[1] We note in his report, Dr. Steiman opined Fields also did not have CRPS under the IASP criteria.

is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment "is appropriate only under the following circumstances: (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party." *Brown v. Ohio Dept. of Rehab & Corr.*, 10th Dist. No. 12AP-891, 2013-Ohio-4207, ¶ 20, citing *Stevens v. Ohio Dept. of Mental Health*, 10th Dist. No. 12AP-1015, 2013-Ohio-3014, ¶ 11, citing *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978).

{¶ 24} Under Civ.R. 56(C), "the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact." *Anderson v. Preferred Title & Guaranty Agency, Inc.*, 10th Dist. No. 13AP-385, 2014-Ohio-518, ¶ 14, citing *Dresher v. Burt,* 75 Ohio St.3d 280, 293 (1996). "The moving party, however, cannot discharge its initial burden under this rule with a conclusory assertion that the nonmoving party has no evidence to prove its case; the moving party must specifically point to evidence of a type listed in Civ.R. 56(C), affirmatively demonstrating that the nonmoving party has no evidence to support the nonmoving party's claims." *Id.*, citing *Dresher* at 293, and *Vahila v. Hall,* 77 Ohio St.3d 421 (1997). "Once the moving party discharges its initial burden, summary judgment is appropriate if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial." *Id.*, citing *Dresher* at 293; *Vahila* at 430.

{¶ 25} Fields contends the common pleas court erred in finding we held the Guides provided the diagnostic standard for CRPS in *Bradley*. In that case, Bradley sustained an ankle injury at work, and BWC allowed her claim for a sprained ankle. *Id.* at ¶ 2. Later, she sought an additional allowance for reflex sympathetic dystrophy, also known as CRPS. *Id.* at ¶ 3, 33. After various administrative proceedings, the matter proceeded to a bench trial in common pleas court. Bradley's expert opined she did suffer from CRPS due to her work injury. *Id.* at ¶ 3-5. The employer's expert was Dr. Steiman, and he testified Bradley did not have CRPS based on the criteria outlined in the Guides. *Id.* at ¶ 9-10. On appeal, Bradley argued the common pleas court erred when it admitted Section 16.5e of the

Guides into evidence. *Id.* at ¶ 16. Evid.R. 803(18) was at issue, which permits statements in a published medical treatise to be read into evidence if they are relied on by an expert witness in direct examination and the treatise is established as a reliable authority. *Id.* at ¶ 16, 18. We found Dr. Steiman's trial testimony established the reliability of the Guides, so the common pleas court properly allowed expert testimony on the Guides' diagnostic criteria for CRPS. *Id.* at ¶ 22-23.

{¶ 26} However, in *Bradley*, we did not find the Guides provided the only diagnostic standard for CRPS or the only diagnostic standard for participation in the workers' compensation fund based on CRPS. Here, the common pleas court erred to the extent its decision suggests otherwise. Nonetheless, as we explain below, the court properly granted summary judgment in this matter. *State ex rel. Arcadia Acres v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 08AP-229, 2008-Ohio-6127, ¶ 30, citing *Joyce v. Gen. Motors Corp.*, 49 Ohio St.3d 93 (1990) ("[W]hen a trial court has stated an erroneous basis for its judgment, an appellate court must affirm the judgment on review if that judgment is legally correct on other grounds.").

{¶ 27} In support of its summary judgment motion, Residential Services submitted the affidavit of Dr. Steiman, who averred Fields did not suffer from CRPS. Dr. Steiman formed this opinion using the Guides' diagnostic criteria. As we previously explained, Dr. Steiman's reliance on the Guides in his affidavit is not inconsistent with the statements in his report. Moreover, as the common pleas court correctly indicated, Fields did not oppose summary judgment with any evidence that she in fact met the Guides' criteria. Additionally, the existence of alternative diagnostic criteria for CRPS outside of the Guides, by itself, does not create a genuine issue of material fact. Fields points to no evidence (aside from evidence stricken from the record) showing she actually had CRPS under alternative criteria. Her own, non-expert averment that she "received treatment directed at" CRPS falls short in this regard. (R. 64, exhibit B, 2.)

{¶ 28} Fields complains some records Residential Services used to support its motion for summary judgment were "inauthentic" and "inadmissible." (Appellant's brief, 24.) It is unclear precisely which records Fields takes issue with, although she seems to find her own treating physicians' records problematic. However, Fields never filed a motion to strike. Therefore, she waived any error the common pleas court made in

considering the records Residential Services submitted. *OhioHealth Corp. v. Ryan*, 10th Dist. No. 10AP-937, 2012-Ohio-60, ¶ 34, citing C*apital City Community Urban Redevelopment Corp. v. Columbus,* 10th Dist. No. 08AP-769, 2009-Ohio-6835, ¶ 19.

{¶ 29} Fields also complains the existence of a medical condition is an issue for the trier of fact. She does not cite any legal authority, nor are we aware of any, that precludes summary judgment on medical issues so long as the standard for granting summary judgment is met. Here, the standard was met. Viewing the evidence most strongly in Fields' favor, reasonable minds can come to but one conclusion, that conclusion being no genuine issue of material fact exists and Residential Services was entitled to judgment as a matter of law. The trial court properly granted Residential Services summary judgment. Accordingly, we overrule the fourth, fifth, sixth, seventh, and eighth assignments of error.

## IV. CONCLUSION

{¶ 30} Having overruled appellant's eight assignment's of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and DORRIAN, JJ., concur.

———————