[Cite as *Columbus v. Ridley*, 2014-Ohio-4356.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| City of Columbus, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 13AP-1035 |
| v. | : | (M.C. No. 13-TRD-163249) |
| Brian O. Ridley, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 30, 2014

*Richard C. Pfeiffer, Jr.*, City Attorney; *Lara N. Baker*, City Prosecutor, and *Melanie R. Tobias*, for appellee.

*Yeura R. Venters*, Public Defender, and *Emily L. Huddleston*, for appellant.

APPEAL from the Franklin County Municipal Court

KLATT, J.

{¶ 1} Defendant-appellant, Brian O. Ridley, appeals from a judgment of conviction and sentence entered by the Franklin County Municipal Court. Because the trial court did not err by denying his motion to suppress, we affirm that judgment.

## I. Factual and Procedural Background

{¶ 2} In the early morning hours of July 27, 2013, Columbus Police Officer Jason Penhorwood and his partner were patrolling an area in northern Columbus. During their patrol, they saw a car with its headlights on that had backed into a parking space in a parking lot of an apartment complex. After watching the car for several minutes, they became suspicious and approached the car. The car was running. Officer Penhorwood

observed a man slumped over in the driver's seat. Officer Penhorwood knocked on the driver's side window multiple times to wake the man but got no response. His partner opened the passenger door, reached inside and turned off the ignition and removed the car keys.

{¶ 3} At this point, the man in the car, later identified as appellant, woke up. The officers began to question appellant. Appellant appeared confused when responding to the questions. At one point, appellant told the officers he was there to visit a friend but he identified his friend using his own name. The officers also observed a strong odor of alcohol from appellant as well as bloodshot and glassy eyes. The officers believed appellant was under the influence of alcohol, so they asked him to get out of the car to perform field sobriety tests. Appellant was unstable on his feet and he had to support himself using the car door to get out of the car. Appellant refused to perform the field sobriety tests and chemical alcohol tests.

{¶ 4} As a result of these events, appellant was charged with one count of operating a vehicle under the influence ("OVI") in violation of Columbus City Code 2133.012(B)(1). Appellant entered a not guilty plea to the charge. Subsequently, appellant filed a motion to suppress all evidence obtained from his "unconstitutional detention." The trial court held a hearing on the motion, at which Officer Penhorwood testified to the above version of events. The trial court denied the motion to suppress, concluding that the officers had reasonable suspicion to approach appellant's car and had probable cause to ask appellant to exit the car and then to arrest him for OVI. In light of that ruling, appellant withdrew his not guilty plea and entered a plea of no contest to the one charge of OVI. The trial court accepted his plea, found him guilty, and sentenced him accordingly.

## II. The Appeal

{¶ 5} Appellant appeals and assigns the following error:

> The trial court erred in finding that Columbus Police officers had reasonable articulable suspicion to enter private residential property to investigate a legally parked car with its headlights on.

### A. Standard of Review

{¶ 6}   Appellant's appeal concerns the trial court decision to deny his motion to suppress.  " 'Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses.  Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.' " (Citations omitted.)  *State v. Roberts*, 110 Ohio St.3d 71, 2006-Ohio-3665, ¶ 100, quoting *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.  In this case, appellant does not challenge any factual findings made by the trial court. Appellant contends that the trial court's legal conclusion was wrong.  Thus, we must independently review whether the legal conclusion is correct.

### B. Did the Trial Court Properly Deny Appellant's Motion to Suppress?

{¶ 7}   The Fourth Amendment to the United States Constitution as applied to the states through the Fourteenth Amendment, as well as Ohio Constitution, Article I, Section 14, prohibit the government from conducting warrantless searches and seizures, rendering them per se unreasonable unless an exception applies.  *State v. Mendoza*, 10th Dist. No. 08AP-645, 2009-Ohio-1182, ¶ 11, citing *Katz v. United States*, 389 U.S. 347, 357 (1967).

{¶ 8}   The protections afforded by the Fourth Amendment are not implicated in every situation of police-citizen interaction.  *State v. Williams*, 51 Ohio St.3d 58, 61 (1990) (Fourth Amendment not implicated until seizure occurred); *State v. Goodloe*, 10th Dist. No. 13AP-141, 2013-Ohio-4934, ¶ 6.  The test for determining whether a person has been seized, which triggers the protections of the Fourth Amendment, is whether, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave. *United States v. Mendenhall*, 446 U.S. 544, 554 (1980); *State v. Jones*, 188 Ohio App.3d 628, 2010-Ohio-2854, ¶ 12 (10th Dist.).  That generally occurs when the police officer has by either physical force or show of authority restrained the

person's liberty, so that a reasonable person would not feel free to decline the officer's requests or otherwise to terminate the encounter. *Mendenhall* at 552-54; *State v. Westover*, 10th Dist. No. 13AP-555, 2014-Ohio-1959, ¶ 15.

{¶ 9}   Appellant's sole argument is based on the premise that the officers' initial approach to investigate appellant's car required that the officers have a reasonable suspicion of criminal activity.[1]  We disagree.  Appellant's argument equates the officers' initial approach to an investigatory stop or detention, pursuant to *Terry v. Ohio*, 392 U.S. 1, 19 (1968), which must be supported by reasonable suspicion of criminal activity.  *See Goodloe* at ¶ 7.  An investigatory stop is a seizure for purposes of the Fourth Amendment. *Id.* at ¶ 9.

{¶ 10} Appellant's argument is flawed because the officers' initial approach to investigate appellant's car did not involve a seizure and, therefore, did not need to be supported by reasonable suspicion of criminal activity.  For this reason, we need not address appellant's argument that the police could not enter the apartment's parking lot to investigate his car.  Nevertheless, we note that appellant's car was parked in the parking lot of an apartment complex lawfully accessible by other tenants, their guests, and law enforcement officers.

{¶ 11}  As the officers approached appellant's car, appellant was passed out and slumped over the driver's seat.  Because appellant was not capable of deciding whether he was free to leave, the officers' approach to his car cannot be considered a restraint of his personal liberty and, therefore, cannot be a seizure for Fourth Amendment purposes. *State v. Yeatts*, 2d Dist. No. 02CA45, 2002-Ohio-7285, ¶ 15-18 (seizure did not occur when officer approached unconscious defendant in car until defendant woke up).  Without a seizure, appellant's Fourth Amendment rights were not implicated by the officers' conduct.

---

[1] Appellant does not contest the trial court's additional findings that the officers subsequently had probable cause to ask him to exit the car or to arrest him.

## III. Conclusion

{¶ 12} The trial court did not err by denying appellant's motion to suppress.[2] Accordingly, we overrule appellant's lone assignment of error and affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

SADLER, P.J., and LUPER SCHUSTER, JJ., concur.

_____

---

[2] We recognize that our reason for affirming the denial of the motion to suppress is different than that relied upon by the trial court. However, we may affirm the denial of a motion to suppress on a ground other than that relied upon by the trial court if it is supported by the record. *State v. Jones*, 4th Dist. No. 03CA61, 2004-Ohio-7280, ¶ 43 (affirming denial of motion to suppress but on different grounds than that relied on by trial court); *Arcadia Acres v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 06AP-738, 2007-Ohio-6853, ¶ 10.